SHORTESS, Judge.
Dorothy Michelli Lipari (appellant) seeks to reverse a judgment which awarded the permanent care, custody and control of *494 Bridget Michelli to Anthony Michelli (appel-lee). She presents two specifications of error: (1) The trial court erred in not awarding the custody of Bridget to her, as the testimony and evidence did not support such judgment and such denial in change of custody was a clear abuse of discretion; and (2) the trial court erred in filing written reasons for judgment after jurisdiction of the trial court was divested, upon lodging of this record.
The written judgment signed by the trial judge was dated November 6, 1981, containing this preamble:
After due hearing on the merits of the matter, and for written reasons assigned, the Court being of the opinion that it is in the best interests of the child, ...
The motion for appeal was granted November 24,1981. The written reasons for judgment were not filed until February 9, 1982, after the record was lodged with this court on January 22, 1982. The appellant argues that C.C.P. Art. 2082 is controlling; that the jurisdiction of the trial court over all matters was divested on November 24, 1981; and that the written reasons should not be afforded any weight on appeal because the trial court’s jurisdiction had been divested, so it had no authority to render written reasons after November 24. Appel-lee calls our attention to paragraph 4 of C.C.P. Art. 2088, which grants the trial court jurisdiction to:
... correct any misstatement irregularity, informality, or omission of the trial record, as provided in Article 2132.
The written judgment clearly referred to the trial court’s written reasons. These reasons were omitted from the record but certainly should have been a part of it. This omission could be corrected even after the record was lodged with us under the express language of C.C.P. Art. 2132, which provides:
A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.
The remaining issue is whether the best interest and welfare of Bridget Michel-li will be served if custody remains with her father. In that connection, the court refers to the following express findings of fact by the trial court:
1. The child was not terrified of her father as alleged by the mother.
2. A comparison of the child’s school records from the period when the mother had custody to that period when the father had custody showed a marked improvement instead of a deterioration as the mother had alleged.
3. There was no indication that the child was being deprived of any medical care, when needed. The child actually seemed to have fewer tension problems and pains during the latter period.
4. The child did express a desire to live with her mother, but the Court feels that it is because more freedom (sic) given her by her mother and less discipline.
A careful analysis of the record indicates that the trial court did not commit manifest error in its findings of fact. The record abundantly and very clearly substantiates same.
The trial court also disapproved of appellant’s action in having Bridget examined by a child psychiatrist, Dr. Joseph R. Manson. The reason for the examination was to assist her in this suit, rather than a belief that Bridget needed medical treatment. Dr. Manson testified that the child did not have any psychiatric problems. He felt that the reason for his entry into this case was because appellant wanted his opinion as to which parent should have custody.
This record, taken as a whole, clearly indicates that the best interests of this child would be served by continuing custody with appellee, and that the judgment of the trial court was correct in all respects.
*495 All costs are taxed to appellant.
AFFIRMED.