508 So.2d 970 (1987)
David E. GRAY
v.
Gerald W. KANAVEL.
No. CA-6947.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
*971 Michael J. Laughlin, Stassi & Rausch, New Orleans, for appellant.
Before CIACCIO, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiff David E. Gray from a decision of the trial court refusing to award him rent and attorney's fees under a written lease that he had entered into with defendant Gerald W. Kanavel.
Plaintiff and defendant entered into a lease for one-half of a duplex on January 6, 1986. The lease was for one year, beginning January 10, 1986; rent was due on the first of each month. The lease contained this provision:
"Lessor will install cabinets, sink, and range before occupancy, back porch will be replaced within 60 days after occupancy, will install up to 3 heaters in unit, will furnish ceiling and wall paint as agreed upon."
Defendant paid rent in January. His February rent was paid in two installments on the first and eighth of the month. In March, defendant made a partial payment ($170.00 of $375.00 due) and then moved out. Plaintiff sued, seeking $3,482.00 due under an acceleration clause in the lease, interest and 15% attorney's fees, also provided for in the lease. After a trial on the merits, the court below ruled in favor of defendant. It is from this decision that plaintiff now appeals, arguing that the following four errors were committed below: (1) the rendering of Written Reasons for Judgment after an order of appeal had been granted; (2) the conclusion by the trial court that plaintiff breached the lease by failing to repair the back porch within sixty-days; (3) the trial court's conclusion that the property was unfit for human habitation; and (4) the failure of the trial court to award plaintiff the relief he sought.

WRITTEN REASONS FOR JUDGMENT
Once an order of appeal has been granted, the trial court is divested of jurisdiction, except under limited circumstances. La.C. Civ.Pr. art. 2088. In this case, the written reasons for judgment were filed after the appeal had been granted and for this reason, plaintiff has filed a motion to strike.
We need not consider this argument. Assuming arguendo that the written reasons for judgment should not be stricken, we find that they form an insufficient basis for the judgment, which we are compelled to reverse.

REPAIR OF BACK PORCH
Plaintiff had sixty-days to repair the back porch, as stipulated by the lease (all other work had been done). The trial court found that plaintiff had failed to fix the porch within the specified time period, and, therefore, had breached the lease.
Plaintiff asserts that he had intended to use the March rent, which defendant failed to pay fully, to make the repairs. Furthermore, *972 plaintiff asserts that his duty to repair was abrogated when defendant failed to make timely rent payments, signed a lease for another home, and notified plaintiff that he was moving.
Defendant's notification occurred on the 56th/day of occupancy, four days before plaintiff could have been found to have failed to comply with the provisions. Although defendant did not move out for another ten days (after sixty-days had elapsed), we can only conclude that plaintiff's duty to repair was relieved when defendant informed him that he was breaking the lease. See Bowers v. Greene, 386 So.2d 920 (La.App. 3d Cir.1980). Plaintiff, therefore, had not breached the lease.

UNFIT FOR HUMAN HABITATION
The trial court also found the premises to be unfit for human habitation, which would enable a lessee to vacate the premises and break the lease, without the lessor being able to recover rent for the unexpired term of the lease. Freeman v. G.T.S., Corp., 363 So.2d 1247 (La.App. 4th Cir.1978).
In his reasons the trial judge concluded as follows:
"I think that the plumbing, among other things in that house, is unfit. And, of course, you could have brought in the proper witnesses to testify that it was in good condition. I'm not convinced that the property you leased to this man was fit for human habitation."
Tr. at 56-57. Additionally, the court found that paint was peeling in the duplex. The baby's bed had to be covered and placed in the middle of the room to avoid paint dropping in it so that the baby would not eat the paint. Plaintiff had supplied defendant with only five gallons of paint for seven rooms with cathedral ceilings, and had refused to supply him with plaster. The court also found that the sewer system was inadequate: when the toilet flushed or the washer was used, waste water emptied into the back yard where the children played. The court also found that the bath tub drain did not work properly, and that defendant was able to see inside the other half of the duplex through the ceiling by going into his attic. The trial court again referred to the failure to repair the back porch as evidence of uninhabitability.
We disagree with the trial court's conclusion. First, it appears from the judge's remarks that he erroneously placed the burden of proof on the plaintiff regarding the habitability of the house. That the house was so unfit for habitation as to justify defendant's actions is an affirmative defense which defendant must prove, and we find that he has not. La.C.Civ.Pr. art. 1005.
We are unimpressed with four of the court's findings. Plaintiff supplied defendant with paint "as agreed upon," but defendant asserts that the amount supplied was insufficient. Defendant did not use any of the paint to correct the peeling paint problem. The trial court also found that the bath tub drain did not work properly. The evidence at trial indicated only that it drained slowly. This would not be sufficient to affect habitability. Also of little importance, is defendant's ability to view his neighbor's apartment through holes in the ceiling. The condition of the other apartment is irrelevant here, and cannot reflect upon defendant's residence. As noted before, plaintiff had not breached his obligation to repair the porch as the sixty-day period had not elapsed. Furthermore, there is nothing in the record to show that the condition of the porch was hazardous.
The only problem worthy of consideration is that of the sewer system. From cross-examination of defendant, however, it appears that the line was not a sewer line, but a drain line. Furthermore, defendant testified that he repaired the broken line prior to breaking the lease. Tr. at 50-53. At the time of the breach, this defect did not exist. There is no evidence that a toilet was backing up into the yard; photographs of the yard are inconclusive.
We have considered all of these problems, separately and together as a whole. We do not find that they would be sufficient to justify defendant's vacating the premises. Certainly plaintiff would be required to make some repairs, but the condition of the premises were not of such a *973 nature as to require a determination the house was unfit for human habitation.

AWARD
Because we find that defendant breached the rental agreement, we must award plaintiff damages. Pursuant to the terms of the contract, plaintiff is entitled to $3,482.00, plus interest, attorney's fees of 15% and costs. The defendant, however, is entitled to a credit for any income plaintiff may have received before January 9, 1987 from leasing the premises. In the absence of any evidence in the record that plaintiff did not attempt to mitigate his damages as required by Article 2002 of the Louisiana Civil Code, defendant is entitled only to a credit for any income, if any, that plaintiff may have derived from the property.
For the foregoing reasons, the decision of the trial court is reversed.
REVERSED AND RENDERED.
CIACCIO, J., concurs with reasons.
CIACCIO, Judge, concurring.
I concur.
Louisiana Code of Civil Procedure Art. 2088(4) allows the trial judge to correct any informality or omission of the trial record even after the record is transmitted to the appellate court. See: Michelli v. Lipari, 417 So.2d 493 (La.App., 1st Cir., 1982). I find that the filing of written reasons for judgment is an informality or omission that the trial judge may cure under Louisiana Code of Civil Procedure Art. 2088(4).
Accordingly, I would hold that the written reasons for judgment are properly before us in this appeal. However, I concur in the finding that the judgment is not supported by the record.