610 So.2d 192 (1992)
James J. MYERS, Plaintiff-Appellee,
v.
James E. FOSTER, et ux., Defendant-Appellant.
No. 91-1302.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Brent S. Gore, Ferriday, for plaintiff-appellee.
Philip Letard, Vidalia, for defendant-appellant.
Before LABORDE, THIBODEAUX and CULPEPPER[*], JJ.
WILLIAM A. CULPEPPER, Judge, pro tem.
This is a suit on a lease agreement. The lessees, the Fosters, leased building space from the lessor, Mr. Myers, for a ladies dress shop for a five year term. There were problems with poor drainage of the parking lot and the lessee complained about the lack of availability of parking. The Fosters moved out of the leased premises before the lease expired, without giving Mr. Myers written notice. Mr. Myers sued for the balance of the rent due under the lease and the Fosters reconvened seeking moving expenses and loss of revenue. The trial court found for Mr. Myers. The Fosters appeal.

*193 FACTS
On October 7, 1985, appellants, James E. Foster and Louise Foster, leased from appellee, James Myers, space in the Myers' Plaza in Vidalia for a five year term, beginning March 1, 1986, at a base rental of $12,000.00 per year, payable monthly. This rent did not apply against any future purchase price. Mrs. Foster used the rented space for a ladies dress shop. The lease contained a clause providing for twelve marked parking spaces for the dress shop, as well as the use of the entire parking lot of Myers' Plaza, when available.
The parking lot had a drainage problem that caused water to stand in the parking lot after it rained. Mrs. Foster complained to Mr. Myers, who installed two six inch pipes in the parking lot six months after the commencement of the lease. There were still drainage problems after Mr. Myers' installation of the pipes. The Fosters claim they complained many times also about inadequate parking.
During October of 1989, the Fosters orally informed Myers they were cancelling the lease and moving out because he had failed to provide the parking spaces and correct the flooding. They moved out before December 1, 1989, after paying November's rent. The Fosters moved into another building across the highway, where they signed a three year lease at $1,000.00 per month. This rent applied to the future purchase price.
On January 30, 1990, Mr. Myers filed suit against the Fosters for breach of contract and demanded the balance of the rent under the five year lease, which was $15,000.00. The Fosters reconvened and asked for damages for constructive eviction, mental anguish, attorney's fees, moving expenses and loss of revenue due to Mr. Myers' failure to provide adequate parking and suitable drainage.
After the Fosters moved, the State Highway Department did work on drainage and curbing adjacent to the parking lot. This lessened the amount of water on the lot.
Mr. Myers used the leased space to store some personal belongings. He put a sign in the window advertising that the space was for rent, but he did not list with a realtor. An amended petition was filed the day of trial requesting the lease be dissolved due to Mr. Myers alleged failure to mitigate damages.
After a trial, the district court found in favor of Mr. Myers and awarded him the $15,000.00 rent due. The trial court held the lessee was required to give the lessor written notice and a reasonable opportunity to correct the drainage and parking problems. The court found the lessee unlawfully terminated the lease, because she failed to give written notice that she would vacate the premises and terminate the lease unless the drainage and parking problems were corrected. The trial court also found the lessor, Mr. Myers, had made a reasonable effort to mitigate damages.
The Fosters filed a motion for a new trial, contending LSA-C.C. art. 2016 does not require written notice, and that the landlord used the building for personal purposes and did not mitigate his damages. The motion for new trial was dismissed, and the Fosters appealed.
The Fosters assert three assignments of error: (1) that the trial court erred in finding written notice was required, under the circumstances, to dissolve the lease; (2) the trial court erred in not allowing any offset for the cost of the move and, (3) that the trial court erred in not finding plaintiff failed to mitigate his damages.

LAW

WRITTEN NOTICE
The lease agreement between the Fosters and Mr. Myers required written notice to the lessor of the need for repairs: "Lessee shall notify lessor in writing of the need for repairs not of an emergency nature..." There is also included in the lease "places of notice." While the Fosters complained many times orally to Mr. Myers of the poor drainage and failure to provide twelve exclusive parking spaces, they never gave him written notice, as required by the lease. Mr. Myers did eventually mark off twelve parking spaces.
*194 The Fosters assert that written notice was not required. They rely first on Freeman v. GTS Corp., 363 So.2d 1247 (La. App. 4 Cir.1978), which states that LSA-C.C. art. 2694, giving the lessee the right to make repairs and deduct the amount from the rent, is not applicable when the leased premises are unfit for their intended use. The court found the premises unfit for its intended use, under LSA-C.C. art. 2692, and relieved the lessee of his duty under the lease to give written notice of the defects.
Defendant has not alleged, nor proved, as an affirmative defense, that the premises were unfit for use as a ladies clothing shop. The basis of their defense is that plaintiff breached his obligation under the lease to furnish twelve exclusive parking spaces, and that he failed to correct the drainage on the parking lot. These are not grounds for the lessee to cancel the lease and vacate the premises without giving written notice required by the lease. See Borne v. Wilander, 509 So.2d 572 (La.App. 3 Cir.1987); Gray v. Kavanel, 508 So.2d 970 (La.App. 4 Cir. 1987).
Defendant also relies on LSA-C.C. art. 2729 which states:
Art. 2729. Failure of parties to fulfill obligations
The neglect of the lessor or lessee to fulfill his engagements, may also give cause for a dissolution of the lease, in the manner expressed concerning contracts in general, except that the judge can not order any delay of the dissolution.
In the Civil Code Articles dealing with conventional obligations, LSA-C.C. art. 2015 provides for dissolution after notice by the obligee to the obligor to perform. Defendant relies on LSA-C.C. art. 2016, which provides that when it is evident that the obligor will not perform, the obligee may regard the contract as dissolved, without any notice to the obligor. Defendant contends it was evident Myers would not perform, so no written notice, as required by the lease, was necessary.
The trial judge found as a fact that since the Fosters did not give Mr. Myers written notice, he was not given an opportunity to make the necessary repairs. The judge stated in his written reasons:
"Written notice should be given and an opportunity should be allowed to remedy the drainage or parking problems. If those conditions could not be satisfactorily remedied subsequent to written notice, the lease could be terminated by lessee. No opportunity was allowed lessor to make the necessary corrections."
Thus, the trial judge found as a fact that it was not evident that Myers would not perform. On appeal, a finding of fact by the trial court should not be reversed unless clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find the trial court was not clearly wrong. The Fosters should have given written notice to Mr. Myers and they did not. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2

OFFSET FOR FOSTERS' MOVE
The Fosters contend they are due damages because they had to move, since Mr. Myers did not make the desired repairs. They assert these damages should be offset against any sum they owe for rent for the rest of the term of the lease. The lower court did not allow any offset.
This court finds that since the Fosters unlawfully terminated the lease, they are not entitled to any offset for damages incurred from moving.

ASSIGNMENT OF ERROR NO. 3

MITIGATION OF DAMAGES
The Fosters maintain Mr. Myers did not try to mitigate his damages, as required by LSA-C.C. art. 2002:
Art. 2002. Reasonable efforts to mitigate damages
An obligee must make reasonable efforts to mitigate the damage caused by the obligor's failure to perform. When an obligee fails to make these efforts, the obligor may demand that the damages be accordingly reduced.
*195 The trial court found Mr. Myers was unable to mitigate the damages. He placed signs in the windows of the building and contacted realtors for advice in leasing. He also offered the property to one potential tenant. The building was still vacant at the time of the trial, May 6, 1991.
This court finds the trial court did not err in finding Mr. Myers did try to mitigate his damages, but was unable to do so. Thus, this last assignment of error is also without merit.
For the foregoing reasons, the decision of the lower court is affirmed. Costs are assessed to appellants.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.