JUSTICE RICE,
dissenting.
¶48 Although I agree that the attorney fee provision violates statute, I disagree with the Court’s analysis of the remaining issues, particularly the holding that a residential rental agreement, under no circumstances, may contain a mutually agreed upon acceleration clause, and the ultimate holding which voids the entire agreement.
*137 ¶49 In taking up the issues here, we would do well to remember that the freedom to contract is a constitutional right. U.S. Const, art. I, § 10, cl. 1; Mont. Const, art. II, § 31. An analysis of the validity of contract provisions under governing statutes is premised on that foundation and balanced against the public’s ability to implement contract regulation. “The fundamental tenet of modern contract law is freedom of contract; parties are free to mutually agree to terms governing their private conduct as long as those terms do not conflict with public laws.” Arrowhead Sch. Dist. No. 75 v. Klyap, 2003 MT 294, ¶ 20, 318 Mont. 103, 79 P.3d 250; see also Gibbons v. Huntsinger, 105 Mont. 562, 573, 74 P.2d 443, 449 (1937).
¶50 From that beginning, it is then important to understand that the Montana Residential Landlord and Tenant Act of 1977 is premised upon uniform law, specifically, the Uniform Residential Landlord and Tenant Act of 1972. See Kunst v. Pass, 1998 MT 71, ¶ 29, 288 Mont. 264, 957 P.2d 1; Uniform Residential Landlord and Tenant Act (1972), 7B U.L.A. 285, 285-86 (2006). Various authorities have discussed the issues raised here in the context of the uniform act and generally accepted landlord-tenant legal principles, to which I refer below. I turn first to the acceleration clause, which the Court invalidates on the grounds that 1) it conflicts with the landlord’s duty to mitigate, Opinion, ¶ 27, and 2) it is unconscionable, Opinion, ¶ 28.
¶51 The Montana Act allows a “landlord and a tenant [to] include in a rental agreement terms and conditions not prohibited by this chapter or other rule or law, including rent, term of the agreement, and other provisions governing the rights and obligations of the parties.” Section 70-24-201(1), MCA. A term is prohibited if it:
(1) agrees to waive or forego rights or remedies under this chapter;
(2) authorizes any person to confess judgment on a claim arising out of the rental agreement; or
(3) agrees to the exculpation or limitation of liability resulting from the other party’s purposeful misconduct or negligence or to indemnify the other party for that liability or the costs or attorney’s fees connected therewith.
Section 70-24-202, MCA. If a rental agreement includes one of the above prohibited provisions, it is unenforceable. Section 70-24-403(1), MCA.
¶52 The acceleration clause in the Crestview agreement provides, in its entirety, as follows:
If any monthly installment under this agreement is not paid when *138 due and remains unpaid after a date specified by a notice to Tenant, the entire principal rent amount owed for the full lease term shall at once become due and payable at the option of the Landlord and judgment may be had for all said amounts due. The foregoing provision shall not relieve the Landlord of its obligation to mitigate damages. In the event the rental premises is re-rented to another for full value prior to expiration of the lease term, Landlord shall file Notice of Partial Satisfaction of any judgment entered to the extent of the third party rental agreement.
Late fees and interest shall not accrue on amounts accelerated pursuant to this provision until said amounts could otherwise be charged late fees and interest pursuant to the relevant provisions of this Agreement.
(Emphasis added.) First, this clause clearly avoids the statutory prohibitions against relinquishing of rights, confessing of judgment, or exculpating from liability. Further, the clause incorporates a method by which Crestview, as landlord, may collect the damages resulting from a tenant’s breach which is commonly recognized and approved. The Restatement (Second) of Property: Landlord and Tenant § 12.1 cmt. k (1977) provides the following insight about acceleration clauses within landlord-tenant agreements:
The parties may provide in the lease that if the tenant defaults in the payment of rent or fails in some other way to perform his obligations under the lease, the total amount of rent payable during the term of the lease shall immediately become due and payable .... If the tenant abandons the premises, ... the landlord may enforce the acceleration clause if he does not terminate the lease. In this event, the landlord will receive the rent for the remainder of the term from the tenant who abandoned, and is obligated to account to him for any rent received from a new tenant.
See also Gray v. Kanavel, 508 So. 2d 970, 971, 973 (La. App. 4th Cir. 1987); Cf. Klosterman v. Hickel Inv. Co., 821 P.2d 118, 124-25 (Alaska 1991). Other authorities likewise recognize the propriety of this provision. 49 Am. Jur. 2d Landlord and Tenant § 583 (2006) (“[I]t is within the right of the parties to a lease to agree that the time for the payment of the rent might be accelerated, in certain contingencies.”); 49 Am. Jur. 2d Landlord and Tenant § 547 (“[A] suit for future rent may be brought where the lease contains an acceleration clause ....”); 1 Am. Jur. 2d Actions § 110 (2005) (acceleration clauses allow suit in a single action); see also § 30-1-208, MCA (UCC provision allowing
*139 ¶53 Unlike the Court, the Restatement does not view acceleration to be contrary to mitigation, but rather deems acceleration clauses to be reasonable if mitigation is employed to limit the damages. Restatement (Second) of Property: Landlord and Tenant § 12.1 cmt. k. The Restatement’s position is consistent with our statutes, § 70-24-401(1), MCA (“[t]he aggrieved party has a duty to mitigate damages”), and the rental agreement precisely required landlord mitigation: “The foregoing [accelerated rent] provision shall not relieve the Landlord of its obligation to mitigate damages.” (Emphasis added.) The District Court concluded that Crestview “acted reasonably to mitigate [Summers’] damages.” Although the Court states its agreement with the District Court’s conclusion, it nonetheless holds that, as a matter of law, the acceleration clause here undermined Crestview’s duty to mitigate damages. Opinion, ¶ 27 and n. 2.1 believe this conclusion is unsupported by legal authorities generally and the record of this case.
¶54 The Court also concludes that, because “[a] more equitable result” could have been pursued by Crestview, the acceleration clause is unconscionable, a conclusion which enables the Court to refuse to enforce it. Opinion, ¶ 28. To be unconscionable, a contractual term must be “such that the weaker bargaining party had no meaningful choice regarding acceptance of the provisions” and “the contractual terms are unreasonably favorable to the drafter, usually the party with superior bargaining power.” Arrowhead Sch. Dist. No. 75, ¶ 48 (citing Iwen v. U.S. West Direct, 1999 MT 63, ¶¶ 27-31, 293 Mont. 512, 977 P.2d 989) (emphasis added); see also Restatement (Second) of Contracts § 208 (1981).
¶55 However, according to the record, Summers had a meaningful choice as to the rental agreement and accompanying acceleration clause. The District Court recognized that “[t]he residential rental market in Missoula is large and [Summers] had hundreds of alternatives to contracting with [Crestview].” (Emphasis added.) Summers not only fails to dispute the District Court’s statement, but admitted during oral argument that the rental agreement at issue is “unique to Crestview” and that other rental options were readily available. Summers had the clear opportunity to seek residency elsewhere under a different agreement. Summers thus had a meaningful choice. See Chor v. Piper, Jaffray & Hopwood, Inc., 261 Mont. 143, 149-50, 862 P.2d 26, 30-31 (1993); Hardin v. Morningside of Jackson, L.L.C., 425 F. Supp. 2d 898, 904-06 (W.D. Tenn. 2006); Parada v. Superior Ct., 98 Cal. Rptr. 3d 743, 758 (Cal. App. 4th Dist. *140 2009); Black v. Of Kitchen Things II, Inc., 467 N.Y.S.2d 167, 169 (N.Y. Civ. Ct. 1983). I would conclude that the acceleration clause was valid and was not prohibited under § 70-24-404, MCA.
¶56 More troubling is the Court’s willingness to predetermine that, as a matter of law, acceleration clauses in residential agreements are unenforceable. Opinion, ¶ 27 (“[[Irrespective of a factual determination by the District Court that Crestview acted reasonably to mitigate damages, as a matter of law an accelerated rent provision in a lease agreement conflicts with the landlord’s duty to mitigate damages under § 70-24-401(1), MCA.”) The Commission Comments to § 70-24-404, MCA, provide that “the particular facts involved in each case are of utmost importance since unconscionability may exist in some situations but not in others.” (Emphasis added.) At the very least, the Court should refrain from adopting a bright-line rule which declares all acceleration clauses, regardless of the circumstances, are ipso facto unconscionable. Instead, as recommended by the Comments, we should judge the “particular facts” of each case. See also Pierce v. Emigrant Mortgage Co., 463 F. Supp. 2d 221, 225 (D. Conn. 2006); Pelphrey v. Cobb Co., 547 F.3d 1263, 1271 (11th Cir. 2008); Dolphin & Bradbury, Inc. v. SEC, 512 F.3d 634, 639 (D.C. Cir. 2008); U.S. v. Beck, 140 F.3d 1129, 1135 (8th Cir. 1998).
¶57 Because I would conclude the accelerated rent provision in the lease agreement was conscionable and enforceable, I would also affirm the District Court’s holding which permitted Crestview to deduct accelerated rent from the security deposit. Section 70-25-201(1), MCA, governs a landlord’s deductions from a tenant’s security deposit:
A landlord renting property covered by this chapter may deduct from the security deposit a sum equal to the damage alleged to have been caused by the tenant, together with a sum equal to the unpaid rent, late charges, utilities, penalties due under lease provisions, and other money owing to the landlord at the time of deduction, including rent owed under 70-24-441(3), and a sum for actual cleaning expenses, including a reasonable charge for the landlord’s labor.
(Emphasis added.) The statute then provides that “[a] person may not deduct or withhold from the security deposit any amount for purposes other than those set forth in this section.” Section 70-25-201(4), MCA. The acceleration clause here states that “the entire principal rent amount owed for the full lease term shall at once become due and payable ...” (Emphasis added.) Thus, under the residential agreement at issue, the moment Summers defaulted on his payment of rent to *141 Crestview, he “at once” owed previous unpaid rent as well as the future accelerated rent, subject only to the landlord’s future obligation to mitigate. Section 70-25-201(1), MCA, therefore permits the deduction of accelerated rent from the security deposit because it validly became due, qualifying as “other money owing to the landlord at the time of deduction.”
¶58 I concur with the Court’s conclusion that the rental agreement improperly attempted to obtain Summers’ waiver of the right to a discretionary award of attorney fees in the event Summers prevailed. Opinion, ¶ 33. Although § 70-24-442(1), MCA, essentially provides a saving mechanism for such unlawful attorney fee provisions by authorizing fee awards “notwithstanding an agreement to the contrary,” our decision in Solem v. Chilcote, 274 Mont. 72, 79-80, 906 P.2d 209, 213-14 (1995) did not interpret this provision to save the agreement in question and therefore, in respect of stare decisis, I believe this conclusion is mandated by that case. This may entitle Summers to an award of damages under § 70-24-403(2), MCA.
¶59 Finally, the Court annuls the entire agreement as a remedy. Given my conclusions above, I would affirm the agreement. Although the attorney fee provision at issue here is deemed a prohibited waiver of rights, I cannot conclude that it unreasonably favors Crestview, and is unconscionable, rendering it unenforceable. Even if Summers prevailed on the merits of his claims, which I conclude he did not, the statute would have awarded him fees regardless of the agreement’s language to the contrary. Further, current law would have required a provision mandating a fee award to the landlord to be reciprocal to a prevailing tenant. Section 28-3-704, MCA. This term therefore was not unconscionable.
¶60 As to Crestview, the District Court’s award of fees was valid because it was provided by statute, notwithstanding the provision of the flawed attorney fee provision. See § 70-24-442, MCA.
¶61 Except for the attorney fee issue discussed above in ¶ 58,1 would affirm the District Court.