No. 90-045

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

LORRAINE KATHLEEN ADLINGTON,

Plaintiff and Appellant,

v.

FIRST MONTANA TITLE INSURANCE
COMPANY and reinsured by TITLE
INSURANCE COMPANY OF MINNESOTA,

Defendants and Respondents.

FILED

NOV 15 1990

Ed Smith

CLERK OF SUPREME COURT,
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Leif B. Erickson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Richard DeJana, Esq., Kalispell, Montana

        For Respondent:

        James C. Bartlett, Hash, O'Brien & Bartlett,
        Kalispell, Montana

                        Submitted on briefs:  September 6, 1990

                                   Decided:  November 15, 1990

Filed:

                        Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant Lorraine Adlington appeals from the order of the District Court, Eleventh Judicial District, Flathead County, dismissing her case against First Montana Title Insurance Company. We affirm.

The issues raised on appeal are:

1. Is the pre-trial order determinative of issues that must be proven at trial?

2. Did the District Court abuse its discretion by dismissing the appellant's complaint at the close of her case-in-chief for failure to prove her damages?

On July 23, 1982, the appellant purchased Lot 56 of Alpine Acres in Flathead County, Montana. She secured a title insurance policy from the respondent, First Montana Title Insurance Company as reinsured by the Title Insurance Company of Minnesota. In the non-jury lawsuit which commenced on September 12, 1989, the appellant alleged that because the title company failed to disclose a sanitary restriction, she was entitled to recover for the cost of a new water well. At the close of appellant Adlington's case-in-chief, First Montana moved to dismiss the lawsuit on the basis that Adlington had failed to present evidence as to the cost of a new well. The District Court invited both parties to file post-trial briefs on the issue. Post-trial memoranda were filed and on October 26, 1989, the court granted the motion to dismiss.

The agreed statement of facts in the pre-trial order did not raise any specific contention as to the cost of a new well, or an agreement as to what the cost would be. The court reasoned that the burden of proof had therefore remained with the appellant throughout the trial to present evidence as to the cost of the well. While the appellant did not introduce specific evidence of damages, she did testify that she could have had the well installed in 1984 for the sum of $10,000 Canadian, or about $7,800 American.

On November 6, 1989, the appellant filed a motion for new trial or relief from judgment order on the grounds that the pre-trial order had failed to specify the cost of the well as a particular issue of fact. On December 6, 1989, the District Court denied the motion for a new trial for the same reason it had granted respondent's motion for dismissal, i.e., the appellant's failure to prove damages. The court stated that although damages were not an issue to be proved in the pre-trial order, the order likewise did not contain a stipulation as to the amount of damages. On January 4, 1990, the appellant filed notice of appeal to this Court.

The first issue on appeal is whether the pre-trial order determines the issues that must be proven at trial. The appellant contends that because the cost of the well was not an enumerated "factual issue" in the pre-trial order, it was not an issue on which she had to present evidence. Although the cost of the well was not enumerated, it was clearly a contested fact. In the respondent's answer he denies paragraph 4 of the complaint, which

states, "That there exists upon the property as a condition on title, sanitary restrictions which prohibit the use of the old well. Because of the sanitary restrictions, the cost of the new well will run approximately $7,500.00 to $10,000.00." Also, paragraph 9 of the respondent's answer states, "The loss alleged to have been sustained by Appellant, if it was sustained at all, resulted from the matter or things in the exceptions in the policy of insurance." Obviously the amount of loss was an issue which should properly have been explored at trial; that it was not listed in the pre-trial order is immaterial. Moreover, the damages were listed as a plaintiff's contention. Since cost was a part of the pleadings, it was indeed before the court.

The second issue is whether the District Court abused its discretion by dismissing the appellant's complaint at the close of her case-in-chief for failure to prove her damages. The District Court's order of October 26, 1990, granting the respondent's motion to dismiss states that the appellant failed to introduce anything except her own hearsay statements as to the cost of the new well. The court admitted the hearsay statements for ". . . the purposes of reliance, but not for the truth of the matters testified to." Because the statement was inadmissible as proof of the cost of the well, the court concluded that no evidence was presented on the issue, and the case was therefore dismissed for failure to prove damages.

The appellant contends that the District Court incorrectly determined that her statement regarding the cost of the well was

inadmissible hearsay. She maintains that the complaint and pretrial order sought only an award of the amount necessary to install the well--whatever that might be. She saw no need to put on proof of the cost. The appellant cites Jarussi v. Board of Trustees, 204 Mont. 131, 664 P.2d 316 (1983), for authority to assert that a plaintiff's testimony as to the value of a potential loss when unrebutted is sufficient to support a judgment. However, Jarussi's losses were actual, not potential. The court stated that the amount of Jarussi's damages were "clear and uncontradicted." Jarussi, 204 Mont. at 137, 664 P.2d at 319. Here an issue clearly exists as to the cost of the well and the appellant's hearsay statements are insufficient to meet the "substantial evidence" standard required for a judgment for damages. Johnson v. Murray, 201 Mont. 495, 506, 656 P.2d 170, 175 (1982).

The appellant's hearsay statement was insufficient to prove the cost of the well. She had no qualifications, skill, or special knowledge that would enable her to testify of her own knowledge about the probable actual damages. The District Court properly excluded her statement as to the truth of the subject matter of the testimony, and granted the respondent's motion to dismiss.

Affirmed.

_____
Justice

We Concur:

_____

4

Diane G. Barz

_____

_____
Justices