No. 92-313

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

JOHN WILLIAMS and BARBARA WILLIAMS,

      Plaintiffs and Respondents,

    v.

ALVIN DeVINNEY,

      Defendant and Appellant.

FILED

JUL 15 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Leif B. Erickson and The Honorable
                Robert J. Boyd, Judges presiding.

COUNSEL OF RECORD:

      For Appellant:

          Richard DeJana, Attorney at Law,
          Kalispell, Montana

      For Respondents:

          Marshall Murray and Ann E. Clark,
          Murray & Kaufman, Kalispell, Montana

Submitted on Briefs:  February 18, 1993

Decided:  July 15, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Alvin DeVinney appeals from the findings of fact, conclusions of law, and judgment entered in favor of John and Barbara Williams by the District Court for the Eleventh Judicial District, Flathead County, on April 16, 1992. The court found DeVinney liable for negligent misrepresentation and awarded plaintiffs damages in the amount of $17,092.50.

We affirm the District Court's judgment of liability and remand to the District Court for a hearing to determine damages.

The following issues are raised on appeal:

1. Was the District Court's finding that the property DeVinney sold the plaintiffs was unsuitable for the installation of a modular home clearly erroneous?

2. Did the court err when it concluded that DeVinney was personally liable for his negligent misrepresentations?

3. Was there any evidence to support the amount of damages awarded by the District Court?

4. Did the District Court err when it concluded that plaintiffs' action is not barred by the statute of limitations?

In August 1987, plaintiffs John and Barbara Williams purchased a parcel of land from Alvin and Donna DeVinney in the DeVinneys' Flathead County subdivision known as Addison Square. Plaintiffs also purchased a modular home from Kalispell Home Center, Inc. (KHC), which was to be placed on the parcel. Alvin DeVinney was employed by KHC, and acted as the sales agent for this transaction.

2

The purchase contract for the land provided that DeVinney would level and prepare the land for plaintiffs prior to the installation of the structure, and the agreement with KHC was that KHC would install the foundation and the modular home. Although Barbara Williams wanted a full, permanent foundation placed under the home, DeVinney advised plaintiffs that installing the structure on piers, in accordance with the manufacturer's specifications, rather than on a full foundation, was more reasonable considering price and usefulness. According to Barbara Williams, DeVinney assured them that the piers would provide an adequate foundation and that the ground was sound. However, DeVinney had not performed any specific soil tests prior to selling the land to determine its suitability for installation of a modular home on concrete piers.

The installation was completed and plaintiffs moved into their home in the fall of 1987. Shortly thereafter, plaintiffs began experiencing problems with the house, but on each occasion, KHC made repairs to plaintiffs' satisfaction. However, during the spring of 1989, rain began to pour down the inside walls of the bedrooms. Due to the seriousness of this problem, plaintiffs contacted a civil engineer, Robert Hafferman, to inspect both the modular home and the property. Hafferman found that the soil underneath the structure contained significant amounts of debris from the remains of a house which had burned down. He concluded that this debris did not allow the soil to properly compact, which caused instability of the foundation, uneven settling, and eventually, damage to the structure itself.

3

Plaintiffs commenced this action against Alvin and Donna DeVinney on March 1, 1990, for intentional or negligent misrepresentation, alleging that they had relied on Alvin DeVinney's false representation that the parcel had been properly prepared for the installation of their modular home. The DeVinneys filed an answer and counterclaim on May 15, 1990, alleging that plaintiffs maliciously slandered them and damaged their reputation.

The DeVinneys' motions to strike and for partial summary judgment were denied, and in a pretrial order dated October 29, 1991, District Court Judge Leif B. Erickson established the following two issues to be determined at a nonjury trial:

1. Whether the Defendants defrauded the Plaintiffs and/or negligently prepared the site in such a manner that it proximately caused the damages to the Plaintiffs' mobile home, the amount of said damages, and whether punitive damages apply under the circumstance, and if so, the amount thereof.

2. Did the Plaintiffs defame the Defendants, and if so, what amount of damages, if any, should be awarded against them.

The trial was held on November 26 and 27, 1991, and in the findings of fact and conclusions of law issued on January 6, 1992, Judge Erickson concluded that Alvin DeVinney was liable for negligently misrepresenting to plaintiffs that the property he sold them was fit for the placement of the home they purchased. Donna DeVinney was dismissed as a party to the action on the basis that she had not made the representations upon which plaintiffs relied. Judge Erickson specified which damages were to be compensated, and unless an agreement could be reached, ordered a post-trial hearing

4

to determine the amount due plaintiffs. Finally, Judge Erickson found that Barbara Williams had defamed Alvin DeVinney, and awarded DeVinney $1100 in nominal and punitive damages.

Plaintiffs subsequently moved for an order determining damages, based upon an affidavit of their professional engineer. DeVinney responded with a brief in which he argued that a hearing would be required, and that the damages requested by plaintiffs were in excess of what was specified in Judge Erickson's order. Three additional affidavits were filed by DeVinney, countering the affidavit submitted by plaintiffs. After considering all of the affidavits, and without an evidentiary hearing, Judge Robert J. Boyd, who had replaced Judge Erickson, rendered judgment in favor of plaintiffs, and ordered DeVinney to pay John and Barbara Williams $17,092.50, plus their costs of suit.

From this judgment, and the District Court's findings of fact and conclusions of law, DeVinney appeals.

I.

Was the District Court's finding that the property DeVinney sold plaintiffs was unsuitable for the installation of a modular home clearly erroneous?

DeVinney asserts that the court's finding that the soil was improperly compacted and caused the damage to plaintiffs' home was contrary to the evidence. He contends that the evidence before the court was that the damage was due to the installation of the structure on piers which did not extend below the frost line. DeVinney quotes plaintiffs' engineer, Robert Hafferman, as stating:

5

"It was that it was not designed on a permanent foundation, and the modular home has got to be on a permanent foundation . . . ." DeVinney insists that, according to this testimony of plaintiffs' own expert, it was KHC's installer who improperly installed the home by not placing it on a "permanent" foundation consisting of piers extending below the frost line. Thus, DeVinney's contention is that plaintiffs' only claim against him was that he failed to properly prepare the site, but that the evidence demonstrated that an improper installation by KHC caused the problems to plaintiffs' home.

This Court will affirm the findings of a trial court sitting without a jury unless the findings are clearly erroneous. Rule 52(a), M.R.Civ.P. In *Interstate Production Credit v. DeSaye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287, we adopted a three-part test to determine if the findings are clearly erroneous in a nonjury case: A finding is clearly erroneous if it is not supported by substantial credible evidence, if the court misapprehended the effect of the evidence, or, if after review of the record, this Court is left with a definite and firm conviction that a mistake has been committed.

After a careful review of the record in this case, we conclude the District Court did not err when it found that a cause of the plaintiffs' damage was the unsuitability of the soil where the home was located.

In his brief, DeVinney isolates certain statements by Hafferman concerning the consequences of failing to place the

6

structure on a permanent foundation. However, when the evidence is considered in its entirety, there is support for the finding that Hafferman indicated the piers would have provided an adequate foundation if they had been placed below the frost line and were in good bearing soil. Although conflicts may exist in the evidence presented, it is the duty of the trial judge to resolve such conflicts. Due regard is to be given the trial court's ability to judge the credibility of the witnesses, and it is not this Court's function to substitute its judgment for that of the trier of fact. *DeSaye*, 820 P.2d at 1287-88; *Daniels v. Dean* (1992), 253 Mont. 465, 471, 833 P.2d 1078, 1082.

Furthermore, the record contains substantial evidence that the soil under the structure was not good bearing soil. It contained debris and could not evenly compact. Thus, the piers placed in this soil could not support the structure. Finally, there was evidence that DeVinney did represent to plaintiffs that the property was suitable for the placement of a modular home on a concrete pier foundation, but that he neither tested the site for its suitability nor properly prepared the site.

We conclude there was substantial credible evidence to support the District Court's findings. We cannot conclude that the court misapprehended the effect of the evidence, nor does our review of the record leave us with a definite and firm conviction that a mistake has been committed. Therefore, we hold the court's findings with respect to the unsuitability of the site were not clearly erroneous.

7

## II.

Did the court err when it concluded that DeVinney was personally liable for his negligent misrepresentations?

DeVinney argues that the damage to plaintiffs' home was caused by the installation of an improper foundation. His contention is that he made no misrepresentations to plaintiffs concerning the foundation, and therefore, cannot be held liable for negligent misrepresentation. Moreover, he challenges the court's determination that he was personally liable. He argues that any statements in regard to the foundation were made in his capacity as an agent of KHC, and were made in good faith and with reasonable care. Therefore, DeVinney contends that he cannot be held liable for acts or representations made on behalf of his employer.

In *Kitchen Krafters v. Eastside Bank* (1990), 242 Mont. 155, 789 P.2d 567, we reaffirmed the definition of negligent misrepresentation which we adopted in *State Bank of Townsend v. Maryann's, Inc.* (1983), 204 Mont. 21, 664 P.2d 295. In summary, to prove negligent misrepresentation, the plaintiff must establish that the defendant made a false representation of a past or existing material fact without reasonable grounds for believing the representation to be true, and the representation induced the plaintiff to rely upon it and resulted in damage to the plaintiff.

In this instance, after making its findings, the court concluded that, as a matter of law, DeVinney's conduct satisfied the elements of the tort of negligent misrepresentation. Because

8

of DeVinney's unique position as both owner of the property and as the KHC salesman, the court concluded that the duty DeVinney was under was of a personal nature. In its conclusions of law, the court stated the following:

> That Alvin DeVinney, as owner of the property sold to the Williams and as salesman for the mobile home sold to the Williams, was under a duty, when he took it upon himself to suggest an appropriate foundation for [the] home, to be aware of the suitability of the property for that type of foundation. Plaintiffs were entitled to rely upon his expertise since he held himself out as an expert and since he would be in an apparently superior position to know the nature of the property he was selling. In response to his argument that he, in fact, did not know the nature of the subject property, suffice it to say that in such an instance he should not have thus represented its suitability. When he decided to sell the property as appropriate for mobile homes and then presumed to know what type of foundation was satisfactory he created a duty to the Plaintiffs which they relied upon to their detriment.

First, we have already held that there was substantial evidence to support the finding that the damage was caused by the unsuitability of the site. Although DeVinney asserts that he should be immune under agency principles, we note that the representations concerning the suitability of the property were not made on behalf of KHC; these representations were made for the purpose of DeVinney's sale of the property to plaintiffs.

Next, even though DeVinney's statements in which he recommended a suitable foundation may have been made on behalf of KHC, and therefore, were made in an agency capacity, § 28-10-702, MCA, specifies that an agent may be personally liable to a third person in certain situations. Specifically, this section provides that an agent is responsible to third persons for acts undertaken

9

in the course of his agency, "when his acts are wrongful in their nature." Here, implicit in the court's conclusion is its determination that DeVinney's actions were wrongful because he decided to sell the property as appropriate for mobile homes and then represented its suitability for the type of foundation he recommended, without any reasonable grounds for doing so.

Thus, based on the court's conclusions with respect to the unique position DeVinney occupied, we find no grounds to shield DeVinney from liability under an agency theory. We hold that the District Court did not err when it concluded that, as a matter of law, DeVinney's actions created personal liability.

### III.

Was there any evidence to support the amount of damages awarded by the court?

In the January 6, 1992, order, Judge Erickson held that plaintiffs were entitled to recover the following damages:

1. The cost of removing the mobile home from the present footings,

2. The cost of the original placement of the mobile home on those footings, and

3. The cost of replacing the mobile home on the permanent foundation.

Judge Erickson then ordered a hearing to determine the specific breakdown of these costs, unless an agreement could be reached by the parties.

As described earlier, both parties submitted affidavits concerning the costs but no further evidentiary hearings were held.

10

When Judge Boyd took over the case following Judge Erickson's resignation, the affidavits were considered and a judgment was entered in favor of plaintiffs. DeVinney was ordered to pay plaintiffs $17,092.50, plus their costs of suit.

DeVinney challenges this determination on two bases. First, he asserts that there was not sufficient evidence to support the award and that there should have been an evidentiary hearing. Second, DeVinney contends that the amount awarded included certain items specifically excluded from the order issued by Judge Erickson.

We agree with DeVinney's initial assertion that there was insufficient evidence to support the damages award. A review of the record demonstrates that Judge Boyd's decision was apparently based solely on the affidavits. Although the judgment states that oral argument was held, oral argument is not a substitute for sworn testimony.

The affidavits relied upon by the court, which attested to the costs of implementing Judge Erickson's order, constituted inadmissible hearsay because they were written assertions, made out-of-court, which were offered to prove the truth of the matters asserted. Rules 801 and 802, M.R.Evid. Because the court relied only upon the affidavits, and did not consider documentary or testimonial evidence which was subject to cross-examination, it failed to meet the "substantial evidence" standard necessary to sustain its judgment. *Adlington v. First Montana Title Ins. Co.* (1990), 245

11

Mont. 304, 307, 800 P.2d 1051, 1053; *Johnson v. Murray* (1982), 201 Mont. 495, 506, 656 P.2d 170, 175. Therefore, the award of damages, entered on April 16, 1992, is vacated and we remand for an evidentiary hearing and determination of damages pursuant to the order issued by Judge Erickson.

In response to DeVinney's complaint that Judge Boyd had included costs which were not specifically provided for in the original order, we would simply note that Judge Erickson's order outlined the general damages to be compensated, and ordered a further hearing to determine the specific amount. The court should properly include in its damages award the specific expenses which it finds, by implication, are necessary to satisfy the general directives of the earlier decision.

### IV.

Did the District Court err when it concluded that plaintiffs' action is not barred by the statute of limitations?

DeVinney's final contention is that § 27-2-203, MCA, provides for a two-year statute of limitations for actions based on fraud or mistake, which includes actions based on negligent misrepresentation. *Falls Sand & Gravel Co. v. W. Concrete, Inc.* (D.C. Mont. 1967), 270 F. Supp. 495. Alleging that the evidence demonstrates the plaintiffs first learned of problems with the modular home in January 1988, and did not file their complaint until March 1, 1990, DeVinney asserts that the court should have dismissed the complaint on the basis that it was barred by the statute of limitations.

12

Plaintiffs contend, however, that it was not until the spring of 1989, when the serious leaks began and they hired an engineer to inspect the home and property, that they discovered the true nature of the problem.

The statute cited by DeVinney states that a cause of action for fraud or mistake does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Section 27-2-203, MCA. In this instance, the time at which plaintiffs discovered the facts giving rise to the cause of action is a question of fact, and therefore, is subject to a clearly erroneous standard on review. *Steer Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

After reviewing the record, we conclude that there was substantial credible evidence to support the finding that plaintiffs had not discovered the source of the ongoing problems until the damage was significant enough to prompt them to hire an engineer to do a thorough inspection. It was at this time that plaintiffs discovered that the site, as they purchased it, was unsuitable for the placement of the modular home. The complaint alleging negligent misrepresentation was then filed within two years from the discovery of these facts. Therefore, the court's conclusion that plaintiffs' claim was filed in a timely fashion was not clearly erroneous.

For the reasons stated, the judgment of the court in regard to DeVinney's liability for negligent misrepresentation is affirmed. The District Court's judgment regarding the amount of plaintiffs'

13

damages is vacated and this matter is remanded to the District Court for an evidentiary hearing to determine damages.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

July 15, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Richard DeJana
Attorney at Law
P.O. Box 1757
Kalispell, MT 59903-1757

Marshall Murray
Murray & Kaufman
P.O. Box 728
Kalispell, MT 59903-0728

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy