NO.   94-094

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

DONALD HABER and DONNA HABER,
Co-Conservators of the Estate of
THEODORE HABER, a Protected Person,

Plaintiffs and Appellants,

v.

HABER, INC., a Montana Corporation,

Defendant and Respondent.

FILED

SEP 12 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventh Judicial District,
               In and for the County of McCone,
               The Honorable Richard G. Phillips, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

        Arnie A. Hove, Attorney at Law, Circle, Montana

        For Respondent:

        Richard A. Simonton and Lorraine A. Schneider,
        Simonton, Howe & Schneider, Glendive, Montana


                            Submitted on Briefs:   June 23, 1994

                                        Decided:   September 12, 1994

Filed:

_____
            Clerk

Justice William E. Hunt, **Sr.,** delivered the opinion of the Court.

On February 21, 1991, plaintiffs filed this action for the collection of $46,999. The Seventh Judicial District Court, **McCone** County, held a **nonjury** trial on December 20, 1993. On January 19, 1994, the District Court issued findings of fact, conclusions of law, and entered judgment in favor of the defendant. Plaintiffs appeal. We affirm.

The following issues are raised on appeal:

1. Are the District Court's findings of fact and conclusions of law finding a gift from Theodore (Theo) Haber to Larry Haber erroneous, and does the preponderance of the evidence establish a loan between Theo and Haber, Inc.?

2. Did the District Court err in denying plaintiffs' motion to file depositions and transcripts?

On December 31, 1987, Theo Haber and his son Larry Haber met at the State Bank of Terry in Terry, Montana. As president and majority shareholder of Haber, Inc., Larry disbursed to Theo the sum of $50,382 in retirement funds. In the presence of bank officer Gary Ryti, Theo endorsed the check and gave it back to Larry. Larry endorsed the check, deposited it in the account of Haber, Inc., and commented that it was a gift. Theo did not object to or correct Larry's statement that the deposit was a gift.

After January 1, 1988, the corporation determined the tax liability on the lump sum retirement distribution. It issued a check to Theo in the amount of **$10,382.71** so that he could pay

2

taxes and other obligations on the lump sum. The corporation noted "Retirement Fund" on the check.

In October 1989, Theo requested money from the corporation. The corporation issued a check to Theo in the amount of $5000. On previous occasions, Theo had received money from the corporation at his request. The corporation noted "Interest" on the check, and deducted the $5000 as an interest expense.

The corporation's fiscal year runs from November 1 through October 31. The corporation's accountant completed the 1988-89 financial statement in November 1989. The financial statement showed "loans" from shareholders in the amount of $46,999. Before the corporation's tax return was due on January 15, 1990, Larry notified the accountant that the amount listed as "loans" was not a loan and should not have been reflected as such on the financial statement. The accountant later reclassified the $46,999 as a capital contribution.

Theo suffered an incapacitating stroke on February 17, 1990, and was unable to appear and testify in this case. Donald Haber, one of Theo's sons, and Donna Haber, Theo's current wife, are the co-conservators of Theo's estate.

## ISSUE 1

Are the District Court's findings of fact and conclusions of law finding a gift from Theo to Larry erroneous, and does the preponderance of the evidence establish a loan between Theo and Haber, Inc.?

We will affirm the district court's findings of fact and conclusions of law unless they are clearly erroneous. Cowles v. Sheeline (1993), 259 Mont. 1, 7, 855 P.2d 93, 97. Although conflicts may exist in the evidence presented at trial, it is the district court's duty to resolve them, and we will give due regard to the district court's ability to judge the credibility of witnesses and will not substitute our judgment for that of the trier of fact. Maloney v. Heer (1993), 257 Mont. 500, 508, 850 P.2d 957, 962; Williams v. DeVinney (1993), 259 Mont. 354, ~~856~~ ok P.2d 546.

Plaintiffs argue that the District Court clearly erred in its finding that no loan existed between Theo Haber and Haber, Inc. We disagree. Plaintiffs' contention that "[t]he undisputed facts are the transfer was from Theo to Haber, Inc. and the transfer was treated by Larry, President of Haber, Inc., as a loan to Haber, Inc." is patently incorrect. (Emphasis added.) In fact, the corporation argues on appeal, as it did below, that "[t]here was ample evidence presented that no loan existed and that the gifting was consistent with Theo Haber's pattern of gifting to his son, Larry Haber." (Emphasis added.) The District Court resolved the conflicting evidence in favor of the corporation.

We conclude that the District Court's findings are supported by substantial evidence. Section 31-1-101, MCA, defines a loan of money as "a contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrowed." Conversely, a gift is

4

defined as a transfer of personal property made voluntarily and without consideration. Section 70-3-101, MCA. Here, the corporation established that Theo consistently gifted large shares of stock to Larry and that Theo's will bequeathed most of his estate to Larry. Larry, and Theo's two daughters, testified that their father stated that he had given Larry the money in question as a gift and did not intend that it be repaid. Likewise, bank officer Gary Ryti, a disinterested party, testified that Theo did not object to Larry's statement that the money was a gift.

Additionally, Larry testified that the 1988-89 financial statement incorrectly reflected the $46,999 as a loan, and that when he noticed the error, he telephoned the accountant who prepared the statement to rectify the error. An examination of the trial transcript shows that this testimony is consistent with the testimony of the accountant who prepared the financial statement. While the accountant testified that he never considered the $46,999 as a gift, he also testified that he changed the classification of the sum from a loan to a capital contribution after Larry called him to correct the 1988-89 financial statement.

While the foregoing testimony conflicts with the evidence set forth by plaintiffs, it is the duty of the District Court to resolve such conflicts. Maloney, 850 P.2d at 962. Because the District Court was in the best position to observe the testimony of the witnesses and judge their credibility, and because its findings are supported by substantial evidence, we will not substitute our judgment for that of the District Court. Maloney, 850 P.2d at 962.

5

We affirm the District Court's findings of fact and **conclusions** of law.

ISSUE 2

Did the District Court err by denying plaintiffs' motion to file depositions and transcripts?

Plaintiffs argue that **"[t]he** District Court erred in denying the Motion to File Depositions and Transcripts when they are full of inconsistent statements" which *'provide evidence in support of Plaintiffs' contention there was a loan . . . ." We disagree. Plaintiffs filed their motion to submit additional depositions and transcripts on January 6, 1994, after the conclusion of the trial in this matter. Plaintiffs also filed their proposed findings of fact and conclusions of law on January 6. The grounds for the motion to submit additional evidence were that the depositions and transcripts were referred to throughout the trial and were necessary for a proper adjudication.

Rule 32(a), M.R.Civ.P., provides in part:

> <u>At the trial</u> . . . any part or all of a deposition . . . may be used against any party who was present or represented at the taking of the deposition . . . in accordance with any of the following provisions:
> (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness . . . .

(Emphasis added.) Similarly, Rule 613, M.R.Evid., provides for impeachment of witnesses at trial through the use of prior statements made by the witness. Both Rule 32(a), M.R.Civ.P., and Rule 613, **M.R.Evid.,** contemplate impeachment during the course of trial. Furthermore, Rule 613(b), M.R.Evid., states that extrinsic

6

evidence of prior inconsistent statements is inadmissible "unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon . . . ." Rule 613(b), M.R.Evid. This Court has stated:

> It is, of course, not necessary under the new rules of evidence that impeachment evidence of prior inconsistent statements be offered during the cross-examination of the witness. Under Rule 613(b) it can be done at any time during the trial . . . .

Kopischke v. First Continental Corp. (1980), 187 Mont. 471, 511, 610 P.2d 668, 689 (emphasis added). Plaintiffs clearly failed to introduce the depositions and transcripts during the course of the trial. The District Court properly denied the post-trial motion to include the extrinsic evidence in the record.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

7

Karla M. Gray

_____

_____

Jim Rice

_____

_____

Terry Trieweiler

Justices

8