No. 83-423

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

RICHARD NAPIER and LEONA NAPIER,

Plaintiffs and Appellants,

-vs-

GARY ADKISON and SHERRY ADKISON,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Sverdrup & Spencer, Libby, Montana

For Respondents:

Fennessy, Crocker & Allen, Libby, Montana

---

Submitted on Briefs: December 22, 1983

Decided: April 5, 1984

Filed: APR 5 - 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Richard and Leona Napier appeal from a judgment of the District Court, Nineteenth Judicial District, Lincoln County, denying them recovery in an action for breach of a landlord-tenant agreement. We affirm in part and reverse in part the decision of the District Court.

On January 10, 1982, the Napiers entered into an agreement with the Adkisons for the rental of a mobile home near Libby, Montana. As part of the agreement, the Napiers agreed to pay $100 on or before the 10th of each month and to make any necessary repairs on the mobile home. These terms were met until June 10, 1982, when the Napiers failed to make the required rental payment.

Arrangements were then made for the June payment to be made on or before June 27, 1982. The June payment was not made and the Adkisons made repeated attempts through the end of June to contact the Napiers. During this time, the Adkisons noticed that the Napiers had left their dogs in the mobile home and that the dogs were damaging the interior of the mobile home. Finally on July 3, 1982, Mrs. Adkison left a note on the mobile home notifying the Napiers that she needed access to the mobile home so that the bank appraiser could examine the property. After receiving no response from the Napiers, on July 13, 1982, the Adkisons placed a padlock on the front door of the mobile home and contacted the Napiers' daughter, asking her to have her parents contact them and notifying her that they would have to evict her parents if necessary in order to gain access to the mobile home.

Upon discovering the padlock on the front door of the mobile home, the Napiers contacted an attorney and a suit, which was later dismissed, was filed in Justice Court. After receiving the summons and complaint, the Adkisons attempted to contact the Napiers through the Napiers' daughter. On July 22, 1982, shortly after a conversation between the Adkisons and the Napiers' daughter, Mr. Napier telephoned the Adkisons and they arranged to meet at the mobile home around 6:00 that evening. The Adkisons arrived at the mobile home before the Napiers and discovered that the front door of the mobile home had been forcibly opened and the mobile home burglarized.

On August 19, 1982, the Napiers filed a complaint in District Court alleging unlawful exclusion from the mobile home and requesting treble damages. The Adkisons counterclaimed alleging abandonment and requesting all unpaid rent. A nonjury trial was held on June 15, 1983. The District Court entered its findings of fact, conclusions of law and judgment approximately one month later and held that neither party was entitled to damages or costs. The Napiers filed a notice of appeal on August 19, 1983, and the matter is now before this Court.

The sole issue on appeal is whether the findings of fact, conclusions of law and judgment entered by the District Court are supported by substantial credible evidence.

This Court has repeatedly held that it will not disturb findings of fact and conclusions of law that are based on substantial credible evidence. The evidence need not be flawless. Evidence may be considered "substantial" which is inherently weak or conflicts with other evidence presented. This Court will view the evidence in the light most favorable

to the prevailing party and will not overturn the findings and conclusions based on such evidence unless there is a clear preponderance of evidence against them. Cameron v. Cameron (1978), 179 Mont. 219, 228, 587 P.2d 939, 945.

Here, the Napiers contend that substantial evidence cannot be found to support the following conclusions by the District Court:

> "1. Plaintiffs failed to pay rent due upon rental from Defendants. Notice of failure to pay such payment was duly made and went unheeded by Plaintiffs. Three day notice to quit was orally given to a family member of Plaintiffs which was the only practical method since Plaintiffs for all purposes had abandoned the premises and their whereabouts unknown.

> "2. Plaintiffs abandoned the premises about June 27, 1982; in addition, Plaintiffs committed waste thereon by leaving unattended dogs locked in the mobile home. Defendants act of placing the padlock on the mobile home was a practical but unauthorized solution to the problem.

> "3. There is no causal relationship between the unauthorized placing of the padlock by Defendants and the burglary committed by unknown third persons."

The Napiers contend that because the mobile home was not abandoned and the Adkisons did not follow any of the statutory requirements for terminating the rental agreement, the Adkisons unlawfully removed or excluded the Napiers from the mobile home. Therefore, under section 70-24-411, MCA, they contend that the Adkisons are liable for the value of the rental as of July 13, 1982, and the value of the property stolen from the mobile home.

The Residential Landlord and Tenant Act as adopted in Montana provides that "[e]xcept in the case of abandonment, surrender, or as permitted in this chapter, a landlord may not recover or take possession of the dwelling unit by action or otherwise . . ." Section 70-24-428, MCA. A landlord,

- 4 -

then, may take possession of a dwelling unit under only three circumstances: 1) abandonment; 2) surrender; or 3) as permitted in the Uniform Landlord and Tenant Act. If the tenant abandons the dwelling unit and "if the landlord accepts the abandonment as a surrender, the rental agreement is terminated by the landlord as of the date the landlord has notice of the abandonment." Section 70-24-426, MCA.

Here, the District Court determined that the Napiers abandoned the premises as of June 27, 1982. The record shows that the Napiers did not make the rental payment as agreed on June 27th; the Napiers' dogs were left unattended in the mobile home and had damaged the interior of the mobile home; the Adkisons had repeatedly stopped by the mobile home yet could find no one present; and, when contacted, the Napiers' daughter told the Adkisons that she did not know where her parents were. This evidence clearly supports the District Court's conclusion that the mobile home was abandoned by the Napiers.

Under section 70-24-426, MCA, the Adkisons could accept the abandonment as a surrender and take possession of the property. The rental agreement would then be deemed terminated as of the date that the Adkisons had notice of the abandonment. Because the Adkisons proceeded under section 70-24-426, MCA, to terminate the rental agreement they were not required to give notice to the Napiers. Therefore, the issue of whether the Napiers were given proper notice of termination is irrelevant.

Although the Adkisons were required by the Uniform Landlord and Tenant Act to make reasonable attempts to notify the tenant in writing after an abandonment that all personal property must be removed from the premises, they were not

- 5 -

responsible for any loss to the Napiers resulting from storage of the personal property unless the loss was caused by a purposeful or negligent act on behalf of the Adkisons. Sections 70-24-430(1) and (5), MCA.

Here, the necessary causal connection is missing. The burglary of the mobile home was not a foreseeable consequence of the Adkisons' act of placing the padlock on the mobile home door and the Adkisons may not be held liable for any loss resulting from the burglary. Thus the Napiers' claim for damages was properly rejected by the District Court.

However, section 70-24-427, MCA, provides that "[i]f the rental agreement is terminated, the landlord has a claim for possession and for rent and a separate claim for actual damages for any breach of the rental agreement." Because the rental agreement was properly terminated by the Adkisons under section 70-24-426, MCA, they have a valid claim against the Napiers for rent and damages, contrary to the judgment of the District Court.

The District Court is therefore affirmed in part, reversed in part and remanded to the District Court with directions to reinstate the Adkisons' claim for rent and actual damages for breach of the rental agreement and further proceedings consonant with this opinion.

John C. Sheehy
_____
Justice

We Concur:

John Conway Harrison

- 6 -

_____

Daniel J. Shea
_____

_____
Justices