No. 95-110

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

THADDEUS SOLEM, KENNETH NICHOLSON,
and DAVID STEWART,

      Plaintiffs and Respondents,

  v.

KEN CHILCOTE,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Michael Sol, Sol & Wolfe,
Missoula, Montana

      For Respondents:

          John Rayburn Velk, Attorney at Law,
Missoula, Montana

FILED

Filed:  NOV 21 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 19, 1995

Decided:  November 21, 1995

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

This is an appeal of a decision of the Fourth Judicial District Court, Missoula County, awarding damages and attorney fees to Thaddeus Solem, Kenneth Nicholson, and David Stewart (the tenants) against Ken Chilcote (the landlord). We affirm in part, reverse in part, and direct the return of the landlord's appeal bond.

We restate the issues as follows:

1. Did the District Court err in finding that the landlord wrongfully withheld a portion of the tenants' security deposit?

2. Did the District Court err in determining there was an illegal provision in the rental agreement and awarding damages?

3. Did the District Court err in awarding attorney fees to the tenants?

4. Is the landlord entitled to the return of his appeal bond?

## Facts

The tenants rented a residential unit from the landlord. The lease was a month-to-month agreement and required a $300 security deposit. Prior to the tenants moving in, the landlord completed a condition of premises statement which all three of the tenants signed. On March 15, 1991, the tenants gave an oral 30-day notice to terminate on April 15, 1991. Although the notice was not in writing as required by the lease, the landlord accepted it.

The landlord advised the tenants it was easier to lease the apartment at the beginning of the month and, if they could vacate by April 1, 1991, they would receive a prorated portion of their rent back. The landlord started to run his advertisement to rent the apartment on March 23, 1991. The tenants moved out by April 1, 1991.

On March 30, 1991, and prior to the tenants moving, The landlord alleges that he and his wife conducted a cleaning inspection and went through the apartment pointing out specific items to the tenants that needed cleaning. The landlord also alleges that later the same day he hand delivered a written notice of general cleaning requirements to the tenants' mailbox. The tenants deny any such cleaning inspection and delivery of notice.

The apartment was leased to a new tenant on April 8, 1991. On April 17, 1991, the landlord prepared a written statement of damages and cleaning and presented this statement to the tenants. The landlord deducted $70.50 for cleaning charges, $126.67 of prorated rent from April 1 through the date the premises were re-let on April 8, and $18.00 in damages and repairs ($10 for a missing smoke alarm and $8 for nail holes). He returned $84.83 of the $300 deposit to the tenants.

The tenants objected to the deductions and filed suit in Justice Court. Justice Court found that the landlord had agreed orally to refund any rent due after April 1, and that the rent from April 1 to April 8 was wrongfully withheld. The court then ordered

double damages. The court also found that the landlord had wrongfully withheld $10 for a smoke detector and had failed to give a proper 48-hour notice for cleaning as required by the lease.

The landlord appealed the decision to the District Court for a trial de novo. In its August 3, 1994, Judgment, the District Court awarded the tenants withheld rent, double damages, damages for an illegal provision in the lease, and attorney fees. From this Judgment, the landlord appeals.

### Standard of Review

Our review of a district court's finding of fact is set forth in Y A Bar Livestock Company v. Harkness (1994), 269 Mont. 239, 887 P.2d 1211, as follows:

> This Court reviews the findings of a trial court sitting without a jury to determine if the court's findings are clearly erroneous. Rule 52(a), M.R.Civ.P. A district court's findings are clearly erroneous if they are not supported by substantial credible evidence, if the trial court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed.

Y A Bar Livestock, 887 P.2d at 1213 (citing Interstate Prod. Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.) We have defined substantial evidence to mean "more than a scintilla, but . . . less than a preponderance, of evidence." State v. Shodair (Mont. 1995), 902 P.2d 21, 26, 52 St. Rep. 879, 882 (citing Miller v. Frasure (1991), 248 Mont. 132, 137, 809 P.2d 1257, 1261).

4

We review a district court's conclusion of law to determine if the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (Mont. 1995), 898 P.2d 680, 686, 52 St. Rep. 529, 533.

## Issue 1

Did the District Court err in finding that the landlord wrongfully withheld a portion of the tenants' security deposit?

The landlord withheld $88.50 from the tenants' security deposit for cleaning ($70.50) and for repairing damages ($18.00--nail holes and missing smoke alarm). The District Court found that the landlord did not meet the burden of proving he gave to the tenants a 48-hour notice of needed cleaning as required by § 70-25-201(3), MCA, and therefore held that this portion of the tenants' security deposit was wrongfully withheld. Likewise, the court found that the landlord could not withhold funds for repairing the nail hole because he failed to provide the requisite 48-hour notice. In addition, the court found that the landlord wrongfully charged the tenants for a smoke detector when there was no credible evidence that a smoke detector was in the apartment when it was leased to the tenants.

The landlord argues that the Residential Landlord and Tenant Act and the Residential Security Deposits Act do not require a notice of any kind to be given to repair damages. He points out that the 48-hour notice requirement of § 70-25-201, MCA (1991), refers exclusively to cleaning. The landlord also contends he

5

properly provided the tenants with a list of damages and a partial refund as required under § 70-25-202, MCA.

The tenants argue that damage to property, by nature, is very similar to cleaning charges and therefore the tenants should be allowed an opportunity to repair damages before money is withheld from their security deposit. The tenants claim, in any event, the landlord did not meet his burden of proving damages as required by § 70-25-204(1), MCA.

The tenants' argument is incongruous. The District Court's finding of fact stated "[t]enants have admitted liability for causing damage to the property in the form of nail holes . . . ." However, the District Court's determination that the landlord is still liable because prior notice of damages was required is incorrect. There is no requirement in the Residential Security Deposits Act that notice be given for repairs. The only action that the landlord needed to take under § 70-25-202, MCA, was to provide the tenant with a list of damages within 30 days of the termination of tenancy or 30 days after a surrender of the premises. The landlord did this in regard to the $8 nail holes, and therefore, that amount was properly withheld from the security deposit. We hold that the District Court erred in finding the landlord incorrectly withheld funds for the nail holes.

The landlord, however, is required to give a 48-hour notice for cleaning under § 70-25-201, MCA (1991). The landlord contends that he and his wife inspected the apartment on March 30, 1991,

6

pointed out to the tenants what needed to be cleaned, and then delivered a written notice of cleaning to be done to the tenants' mailbox. The landlord surmises that the tenants left without checking their mailbox. The tenants deny that the inspection and the delivery of the notice ever occurred.

The District Court found that the tenants never received written notice as required by statute. See § 70-25-201, MCA (1991). The tenants testified to the facts found by the District Court. In Williams v. DeVinney (1993), 259 Mont. 354, 359, 856 P.2d 546, 549, we stated "[d]ue regard is to be given the trial court's ability to judge the credibility of the witnesses, and it is not this Court's function to substitute its judgment for that of the trier of fact. DeSaye, 820 P.2d at 1287-88." The record provides substantial evidence to support the District Court's finding. We further determine that the court did not misapprehend this evidence and we have no firm conviction that a mistake has been made. We therefore conclude the District Court did not err in awarding to the tenants the $70.50 withheld for cleaning.

Additionally, the District Court agreed with the tenants and found that the smoke detector was not present when the tenants moved into the apartment. The landlord introduced a condition of premises statement signed by the tenants which lists a smoke detector as present and working when the tenants signed the lease. However, the landlord did not record the testing of the smoke detector as was his practice and the District Court did not find

7

his testimony credible. Again, we will defer to the District Court's judgment of the witnesses' credibility. Williams, 856 P.2d at 549. There was substantial credible evidence to support the District Court's finding. This evidence was not misapprehended. Nor do we have any conviction that a mistake has been made. We thus conclude that the District Court did not err in awarding to the tenants the $10.00 withheld for the smoke detector.

Finally, the landlord withheld $126.67 as prorated rent. The lease provided for 30-days notice to terminate the tenancy. The tenants asked the landlord if they could leave early, and he apparently agreed. The District Court went on to hold, however, that this attempted oral modification of the lease agreement was not effective. The court concluded that for an oral agreement to be effective, it must be fully executed on both sides. The court held that if the tenants had vacated the premises by April 1, which was done, and the landlord prorated the rent to April 1, which was not done, there would have been a full execution of the oral agreement and the lease would be modified. The court held, however, that the oral modification was not fully executed by the landlord and therefore was not effective.

The court's conclusion regarding the attempted oral modification was not appealed by either party and so is not before this Court. On appeal, we confine ourselves solely to the case as it is appealed to us. Feely v. Lacey (1958), 133 Mont. 283, 293,

8

322 P.2d 1104, 1109. Accordingly, we must accept the District Court's holding on this issue.

Based on that holding, the District Court should have allowed the landlord to prorate the April rent and charge the tenants for the period of time for which the property was not re-leased. That period of time was from April 1 through April 8 and was reflected by the $126.67 that the landlord withheld from the security deposit for unpaid rent. Thus, the landlord properly withheld $126.67 from tenants' security deposit and the District Court erred in awarding that amount to the tenants.

The landlord was authorized to withhold a total of $134.67 from the security deposit ($8 nail hole and $126.67 prorated rent). The landlord wrongfully withheld the $70.50 for cleaning and the $10 for the smoke detector for a total of $80.50. Under § 70-25-204, MCA, the tenants were entitled to double the amount wrongfully withheld for the total of $161 in damages. We therefore hold that the District Court erred in part in finding that the landlord wrongfully withheld a portion of the tenants' security deposit.

### Issue 2

Did the District Court err in determining there was an illegal provision in the rental agreement and awarding damages?

The lease contained a provision which stated: "Acceptance of a refund of all or a portion of the deposit by tenant shall constitute a full and final release of landlord from any claims of

9

tenant of any nature whatsoever." The District Court relied on § 70-24-202(1), MCA, in concluding this provision of the landlord's lease agreement was illegal. Section 70-24-202(1), MCA, states that a rental agreement may not provide that a party agree to waive or forego rights provided under the Residential Landlord and Tenant Act. The District Court found that the contested provision in the rental agreement was in conflict with the provisions of § 70-24-442(1), MCA, which provides as follows:

> In an action on a rental agreement or arising under this chapter, reasonable attorney fees, together with costs and necessary disbursements, may be awarded to the prevailing party notwithstanding an agreement to the contrary.

The tenants' first amended complaint alleged that the lease agreement contained a provision prohibited by § 70-24-202(1), MCA. The action constituted "an action on a rental agreement" and that provision grants tenants the right to pursue attorney fees--a right which the contested provision in the rental agreement attempted to waive. Although the tenants requested and were awarded attorney fees under the provisions of the Residential Security Deposits Act, they also alleged that the contested provision in the lease agreement was an attempt to waive the right to request attorney fees under § 70-24-442(1), MCA.

The District Court went on to assess additional damages under the provisions of § 70-24-403(2), MCA (1991), in the Residential Landlord and Tenant Act for this illegal provision. Section 70-24-403, MCA (1991), provides:

10

(1) A provision prohibited by 70-24-202 included in a rental agreement is unenforceable.

(2) If a party purposefully uses a rental agreement containing provisions known by him to be prohibited, the other party may recover, in addition to his actual damages, an amount up to three months' periodic rent.

The landlord argues that this is an action brought under Chapter 25 of Title 70, the Residential Security Deposits Act, and the court was therefore prohibited from relying on § 70-24-403, MCA (1991), in the Residential Landlord and Tenant Act to award additional damages. This argument ignores the allegations in the first amended complaint that the contested provision was prohibited by § 70-24-202(1), MCA. The District Court did not err in finding that the contested provision in the rental agreement was prohibited by § 70-24-202(1), MCA, or in awarding additional damages under § 70-24-403(2), MCA (1991). We therefore affirm the District Court on this issue.

## Issue 3

Did the District Court err in awarding attorney fees to the tenants?

The landlord questions why he must pay attorney fees when he prevailed on the major part of his reason for this appeal--the unexecuted oral agreement to prorate rent from April 1, 1991, was held invalid. The landlord references cases where we have upheld the reductions of attorney fees when the amount in controversy is simply not worth such a fee. See Carkeek v. Ayer (1980), 188 Mont. 345, 348, 613 P.2d 1013, 1016. He argues it is unjustified for the

11

District Court to award attorney fees of $5253.68 for a $70.50 judgment.

Attorney fees are available under § 70-25-204, MCA. That section provides that any person who wrongfully withholds a residential property security deposit, or any portion thereof, shall be liable in damages to the tenant in a civil action, and attorney fees may be awarded to the prevailing party at the discretion of the district court. Section 70-25-204, MCA.

In E.C.A. Environmental Management Services, Inc. v. Toenyes (1984), 208 Mont. 336, 679 P.2d 213, we discussed the proper construction of "prevailing party" in regard to attorney fees. We stated that

> [n]o one factor should be considered in determining the prevailing party for the purpose of attorney fees. The party that is awarded a money judgment in a lawsuit is not necessarily the successful or prevailing party. However, this Court agrees with those jurisdictions that have found the award of money to be an important item to consider when deciding who, in fact, did prevail. Ocean West Contractors v. Halec Const. Co. (1979), 123 Ariz. 470, 600 P.2d 1102. . . . The party that survives an action involving a counterclaim, set-off, refund or penalty with the net judgment should generally be considered the successful or prevailing party.

E.C.A., 679 P.2d at 217-18. Although we have modified the District Court's award to the tenants, the action involved a refund of tenants' security deposit for a net judgment of $80.50 in favor of the tenants. The tenants are therefore still the prevailing parties on this issue and are entitled to their attorney fees at the District Court's discretion.

12

We will not reverse a district court's award of attorney fees absent an abuse of the court's discretion. Sage v. Rogers (1993) 257 Mont. 229, 242, 848 P.2d 1034, 1042. The District Court awarded attorney fees to the tenants for those fees associated with the recovery of the tenants' security deposit. The court then ordered the tenants to file an affidavit of those fees and provided for a period of time in which the landlord may object to the tenants' claim and request a hearing. We conclude the District Court did not abuse its discretion in its award of attorney fees, and therefore hold that the District Court did not err in awarding attorney fees to the tenants.

### Issue 4

Is the landlord entitled to the return of his appeal bond?

The landlord requests this Court to order the return of his appeal bond in the amount of $2000. The District Court did not respond to the landlord's motions to return the appeal bond to him though the judgment had been executed, and thus, the appeal bond has remained filed with the Justice Court. The tenants have conceded the validity of the landlord's claim to the bond and we conclude that the landlord is entitled to return of the bond.

We affirm in part, reverse in part, and direct the District Court to order the Justice Court to return the $2000 bond to the landlord.

_____
Justice

13

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

14