NO.  95-540

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

TIMOTHY J. WHALEN, d/b/a SHANNON
ROSE APARTMENTS,

          Plaintiff and Appellant,

     v.

JOHN LEWIS TAYLOR,

          Defendant, Respondent,
          and Cross Appellant.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Hon. Maurice R. Colberg, Jr., Judge presiding.


COUNSEL OF RECORD:

          For Appellant:

               John A. Hauf, Hauf & Forsythe, Billings, Montana

          For Respondent:

               Elizabeth   Halverson,   Montana   Legal   Services,
               Billings, Montana

FILED

SEP 2 6 1996

Filed:   *Ed Smith*
     CLERK OF SUPREME COURT
         STATE OF MONTANA

                                        Clerk

Submitted on Briefs:  May 2, 1996

          Decided:  September 26, 1996

Justice James C. Nelson delivered the Opinion of the Court.

Plaintiff, Timothy J. Whalen, (Whalen) initiated this suit in Justice Court for possession of rental property, damages, and attorney fees. Following a trial de novo, the District Court for the Thirteenth Judicial District, Yellowstone county, entered judgment for Defendant, John Lewis Taylor, (Taylor) and awarded Taylor damages and possession of property. From that judgment, Whalen appeals and Taylor cross appeals. We affirm in part, reverse in part and remand.

We address the following issues on appeal:

1. Does substantial evidence support the District Court's finding that Taylor did not abandon the apartment, but that Whalen locked out Taylor in violation of § 70-24-411, MCA?

2. Did Whalen violate §§ 70-24-202 and 70-24-403, MCA, by including a prohibited'provision in the rental agreement?

3. Is Taylor entitled to attorney fees under § 70-24-442, MCA, because he prevailed at every stage of the litigation?

4. Did the District Court properly expedite discovery matters and the trial schedule pursuant to § 70-24-427, MCA?

FACTUAL AND PROCEDURAL BACKGROUND

Whalen owns and personally manages the Shannon Rose Apartments located at 703 North 32nd Street in Billings, Montana. Whalen is an attorney, a former legislator, and has owned the Shannon Rose Apartments since 1985. He has used the same rental agreement since 1985. Taylor is a 48-year-old man who works as a janitor in Billings.

2

On June 23, 1994, Whalen rented an apartment to Taylor under a month-to-month written rental agreement that Whalen had copied from a 1978 Montana Law Review article. Under the agreement, Taylor agreed to pay rent on the first of each month and to pay a security deposit of $250.' The rental agreement contained a provision stating that "[a]cceptance of a refund of all or a portion of the deposit by Tenant shall constitute a full and final release of Landlord from any claims of Tenant of any nature whatsoever."

Over the course of the tenancy, Taylor habitually made late rental payments; however, Whalen always accepted those payments. In June 1995, Taylor was again late with the rent payment. In response, Whalen served Taylor a three-day notice to quit by slipping it under Taylor's door on June 7, 1995. On June 13, 1995, the parties verbally agreed to extend the time for payment of the rent to June 16, 1995, the date Taylor expected his next paycheck. However, Taylor did not pay the rent by June 16, 1995, and Whalen gave him no additional notice to quit.

Taylor's paycheck did not arrive on June 16, 1995; however, a co-worker delivered it to Taylor at his apartment on June 17, 1995. Taylor did not pay Whalen the rent during the day on June 17, 1995, and when Taylor arrived home that evening he found that Whalen had changed the locks to his apartment. Whalen had in fact changed the locks after 5:00 p.m. on June 17, 1995. When Taylor arrived home, he tendered the June rent, but Whalen refused to accept it. Taylor then requested possession of the apartment, but Whalen refused

because of the delinquent rent. At Taylor's request, Whalen did go back into Taylor's apartment and retrieve some of Taylor's clothing. They then made arrangements for Taylor to retrieve the rest of his possessions the next day. Taylor moved into the Esquire Motor Inn that night. In early July, 1995, Whalen moved into the apartment.

On June 22, 1995, Whalen filed a complaint in Justice Court, Yellowstone County, for possession of the premises, money damages and attorney fees. Taylor counterclaimed for possession, money damages and attorney fees.. Taylor prevailed on all claims in Justice Court. On September 13, 1995, Whalen filed a Notice of Appeal to the Montana Thirteenth Judicial District court, Yellowstone County. After both attorneys moved to substitute two different judges, trial was finally set for October 27, 1995. On October 17, 1995, Whalen served discovery requests on Taylor and the District Court ordered that Taylor answer Whalen's discovery requests by October 23, 1995.

Following a trial de novo, the District Court entered judgment for Taylor, awarding him money damages and possession of the rental property. From this judgment, Whalen appeals and Taylor cross appeals.

## DISCUSSION

1. Does substantial evidence support the District Court's finding that Taylor did not abandon the apartment, but that Whalen locked out Taylor in violation of § 70-24-411, MCA?

Our review of a district court's findings of fact is set forth as follows:

> This Court reviews the findings of a trial court sitting without a jury to determine if the court's findings are clearly erroneous. Rule 52(a), M.R.Civ.P. A district court's findings are clearly erroneous if they are not supported by substantial credible evidence, if the trial court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed.

Solem v. Chilcote (1995), 274 Mont. 72, 76, 906 P.2d 209, 211-12 (quoting YA Bar Livestock Company v. Harkness (1994), 269 Mont. 239, 887 P.2d 1211).

The Montana Residential Landlord and Tenant Act of 1977 (MRLTA) limits a landlord's recovery of possession of property. See § 70-24-428, MCA. As provided under MRLTA, "[e]xcept in the case of abandonment, surrender, or as permitted in this chapter, a landlord may not recover or take possession of the dwelling unit by action or otherwise...." Section 70-24-428, MCA. Thus, a landlord may take possession of a dwelling unit only under three circumstances: 1) abandonment; 2) surrender; or 3) as permitted in MRLTA. This case deals only with Taylor's alleged abandonment and Whalen's unauthorized actions.

This Court has defined abandonment as "the absolute relinquishment of the premises consisting of the tenant's act or omission and intent to abandon." Johnston v. American Reliable Ins. (1992), 253 Mont. 253, 258, 833 P.2d 176, 180 (wherein we held that landlord's one phone call concerning tenant's whereabouts was not enough evidence to show tenant's abandonment). In an earlier

5

case, this Court did find evidence of abandonment. Napier v. Adkison (1984), 209 Mont. 163, 678 P.2d 1143. While we decided Napier prior to adopting the formal definition of abandonment in Johnston, we evaluated similar evidence to determine whether the tenants had abandoned the premises. In Napier, when the tenants did not make the rental payment on time, the landlord repeatedly stopped by the tenants' rental unit, but never found the tenants there. Furthermore, the landlord found that the tenants' left their dogs unattended on the premises. Finally, the landlord called the tenants' daughter who stated she did not know where her parents were. All of this evidence clearly supported the District Court's conclusion that the tenants had abandoned their rental unit. Unlike Napier, the evidence in the case before us on appeal does not indicate that Taylor abandoned his apartment.

Taylor lived consistently in his apartment for over one year. Despite his habitual lateness in paying the rent, Taylor always made arrangements with Whalen for payment. When Taylor was again late with payment of his June 1995 rent, he made arrangements with Whalen to pay the rent on June 16, 1995, when Taylor expected his paycheck to arrive. However, because his paycheck did not arrive on time, Taylor did not meet the June 16th deadline. Instead, Taylor tendered the June rent the following evening after he had received and cashed his paycheck.

In response to Taylor's failure to pay rent on June 16, 1995, Whalen changed the locks to Taylor's apartment after 5:00 p.m. on June 17, 1995, claiming that Taylor had abandoned the premises.

6

However, later that same evening, Taylor arrived at his apartment and upon meeting Whalen tendered the June rent. Further, after Whalen declined to accept the rent, he refused to allow Taylor access to the apartment to collect his belongings inside.

Nothing in the evidence indicates "absolute relinquishment" of the apartment by Taylor. Taylor kept his belongings in the apartment. He contacted Whalen as to the delinquent June rent and asked for more time to pay, showing his intention to continue to live there. Further, Taylor did ultimately tender the June rent on the same day that Whalen changed the locks to Taylor's apartment. Based on these facts, Taylor lacked an intent to abandon and he committed no act or omission to indicate abandonment of his apartment. See <u>Johnston,</u> 833 P.2d at 180. We hold that substantial evidence supports the District Court's conclusion that Taylor did not abandon his apartment, but rather that he intended to pay the rent and continue to live there.

As noted, a landlord's recovery of possession is limited to three circumstances: abandonment, surrender, or as permitted under MRLTA. Here, Taylor did not abandon his apartment and the parties have raised no issue concerning surrender. Therefore, Whalen's only other option under § 70-24-428, MCA, was to pursue a permitted course of action under MRLTA, that is, a proper eviction procedure. A proper eviction procedure for a tenant's failure to pay rent is set forth in §§ 70-24-422(2)(a), 70-24-108 and 70-24-427, MCA. If a tenant does not pay rent when due, a landlord must give the tenant written notice indicating that rent must be paid within

three days or the landlord intends to terminate the rental agreement. Sections 70-24-422(2)(a) and 70-24-108, MCA. If the tenant still does not pay, the landlord may terminate the rental agreement and bring an action for possession. Sections 70-24-422(2)(a) and 70-24-427, MCA Whalen failed to follow this procedure.

While Whalen had provided Taylor with a three-day notice to quit based on Taylor's failure to pay the June 1995 rent, he subsequently extended the time for compliance. When Taylor did not pay the June rent by the extended deadline, Whalen did not provide Taylor with another notice to quit, nor did he bring an action for possession. Instead, Whalen resorted to a self-help procedure of changing the locks to Taylor's apartment. In fact, Whalen did not bring suit against Taylor until June 22, 1995, five days after he had changed the locks. Section 70-24-427, MCA, authorizes courts, not landlords, to resolve disputes over possession of rental property. Consequently, when Whalen locked out Taylor, he resorted to an extrajudicial eviction procedure in violation of § 70-24-428, MCA, and wrongfully excluded Taylor from his apartment. Whalen, therefore, is liable under § 70-24-411, MCA.

If wrongfully excluded, a tenant has two concurrent remedies under § 70-24-411, MCA. First, a tenant may recover possession or terminate the rental agreement. Additionally, a tenant may recover an amount not more than three months' periodic rent or treble damages, whichever is greater. Section 70-24-411, MCA. Here, Taylor requested possession of his apartment and elected to prove

8

his rent amount and requested that the District Court treble that amount. We hold that the District Court properly awarded both remedies.

Whalen contends that neither remedy under § 70-24-411, MCA, was proper in this case. First, Whalen argues the provision in § 70-24-411, MCA, that allows for trebling of rent or damages is intended as a penalty and is therefore punitive in nature. As a result, Whalen contends that Taylor must meet proof requirements for punitive damages under § 27-1-221, MCA. We disagree. As a specific statute, § 70-24-411, MCA, takes priority over any general statute that is inconsistent with it. Section 1-Z-102, MCA. See also, Sage v. Rogers (1993), 257 Mont. 229, 848 P.2d 1034. Therefore, § 70-24-411, MCA, takes priority over § 27-1-221, MCA. Accordingly, Taylor had the option to choose between three months' periodic rent or treble damages, whichever was greater. See § 70-24-411, MCA. Taylor requested three months' periodic rent, and the District Court properly awarded it.

Second, Whalen argues that the District Court's awarding possession of the apartment to Taylor is an inappropriate remedy in this case. Whalen presently occupies the apartment. Whalen claims that if Taylor gains possession then Whalen will promptly give Taylor thirty days' notice of termination of the tenancy as allowed under MRLTA. Again, notwithstanding this line of reasoning, § 70-24-411, MCA, allows a wrongfully excluded tenant to choose possession or termination of a rental agreement in addition to money damages. Under the facts and circumstances of this case, the

3

District Court did not commit reversible error by awarding a remedy which the statute specifically authorizes.

Based on the foregoing, we affirm the District Court on this issue and hold that Whalen is liable under § 70-24-411, MCA, and that the District Court properly awarded Taylor both remedies under § 70-24-411, MCA.

Finally, after the District Court's Judgment of November 1, 1995, Whalen filed a homestead exemption on November 6, 1995, for his property because he had taken up residence in the apartment. Whalen argues that this filing should exempt him from the specific remedies awarded to Taylor under § 70-24-411, MCA. However, Whalen cites no authority for his proposition. Therefore, we decline to further address his argument absent his setting forth persuasive legal authority on which to base such a decision.

2.    Did Whalen violate §§ 70-24-202 and 70-24-403, MCA, by including a prohibited provision in the rental agreement?

We review a district court's conclusion of law to determine if the court's interpretation of the law is correct. Solem, 906 P.2d at 212.

The rental agreement that Whalen selected and used contains the following provision:

> Acceptance of a refund of all or a portion of the deposit by Tenant shall constitute a full and final release of Landlord from any claims of Tenant of any nature whatsoever.

In Solem, we considered an identical rental agreement provision and held that such language is prohibited and violates § 70-24-202(1), MCA, and we affirmed the District Court's award of

10

damages pursuant to § 70-24-403(2), MCA.  Solem 906 P.2d at 209.

Clearly, § 70-24-202(1), MCA, makes unlawful any agreement to waive or forego rights or remedies under MRLTA.  Further, § 70-24-403(2), MCA, provides that if a party purposely uses a rental agreement containing provisions known by him to be prohibited, then the other party may recover, in addition to his actual damages, an amount up to three months' periodic rent.

In the case at bar, it is clear that the rental agreement provision in question is prohibited and violates § 70-24-202(1), MCA.  Solem, 906 P.2d at 213-14.  It is equally clear that Whalen purposely used a rental agreement with prohibited provisions and he may be liable for an amount up to three months' periodic rent. Section 70-24-403(2), MCA.  Here, Whalen is not only a landlord, but a practicing attorney and former legislator.  He had used this rental agreement for ten years, knew its contents and personally chose to use it when he rented to Taylor.  Further, he intended the rental agreement to be legal and enforceable, citing its provisions in his suit against Taylor.  Moreover, Taylor had no legal counsel when he signed the agreement and no way to determine whether or not the agreement was legal.  Therefore, the District Court erred in finding that Whalen did not believe that the rental agreement contained any illegal or unlawful provisions.

Whalen violated MRLTA by unlawfully excluding Taylor from his apartment and by using a rental agreement that contained a prohibited provision.  Both of these violations call for treble damage awards.  See §§ 70-24-411 and 70-24-403, MCA.  However, two

separate awards of treble damages should not be imposed upon Whalen absent a clear legislative direction to that effect. Under these circumstances, in the absence of any clear legislative mandate for the cumulative imposition of penalties, we conclude that the provisions of MRLTA are adequately served when only one treble damage award is imposed, despite the two separate violations of the Act.

On this issue, we remand for further proceedings consistent with this opinion and for entry of judgment for treble damages in favor of Taylor.

3.    Is Taylor entitled to attorney fees under § 70-24-442, MCA, because he prevailed at every stage of the litigation?

A District Court may award reasonable attorney fees, along with costs and necessary disbursements, to the prevailing party in whose favor final judgment is rendered. Section 70-24-442, MCA. The District Court found that Taylor prevailed on all claims except the issue concerning the. prohibited provision in the rental agreement, and thus, the court did not award Taylor attorney fees. Absent an abuse of the lower court's discretion, this Court will not reverse the lower court's decision concerning attorney fees. Sage, 848 P.2d at 1042.

However, on appeal, we have held that the provision in the rental agreement discussed in Issue 2 is unlawful, and the District Court must enter judgment on this issue in favor of Taylor. Consequently, Taylor is now the prevailing party on all issues, and, in the court's discretion, may be entitled to an award of

12

attorney fees, costs and necessary disbursements. See § 70-24-442, MCA.

Whalen debates the appropriateness of awarding attorney fees to legal services or pro bono attorneys. However, the propriety of these awards has already been decided. See In re Marriage of Malquist (1994), 266 Mont. 447, 880 P.2d 1357 (wherein we held that legal services and pro bono attorneys were eligible under § 40-4-110, MCA, to receive awards of attorney fees). Just as in Malquist, no reason exists here to exclude legal service attorneys from an award of attorney fees. First, under § 70-24-442, MCA, the District Court is given discretion to award attorney fees in landlord/tenant cases to a prevailing party. Second, and more broadly, in order to provide equal access to justice for all, the award of attorney fees to individuals represented by legal services or pro bono attorneys is required. As we stated in Malquist:

> Presumably, if Montana Legal Services Association and pro bono attorneys can recoup from the non-indigent litigant those fees and costs for which he or she would, otherwise, be liable under the statute, that organization and those attorneys will be financially better able to provide more legal services to the increasing numbers of indigent litigants who need such services. Moreover, non-indigent litigants who might be encouraged to simply "run up the other party's bill" with vexatious conduct and frivolous court proceedings, might be less inclined to do so knowing that the court has the statutory discretion to award the indigent party's attorney fees and costs against the offending party.

Malquist, 880 P.2d at 1364.

Based on the same policy reasons as set forth in Malquist, we conclude that an attorney's status does not affect eligibility for attorney fee awards under § 70-24-442, MCA. Accordingly, we remand

13

this issue of attorney fees to the District Court for reconsideration and further proceedings consistent with this opinion.

In so holding, we acknowledge that the United States Congress has prohibited the Legal Services Corporation from providing financial assistance to any person or entity that claims, or collects and retains, attorney fees. Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act, 1996, Pub. L. No. 104-134, § 504(a) (13), 110 Stat. 1321, 1321-53, -55 (1996) (hereinafter "the Act"). We note that this prohibition only applies to claims for which a person or entity begins to provide legal assistance on or after April 26, 1996, the date of enactment of the Act. Section 508(b) (3), 110 Stat. at 1321-57 to -58. In this case on appeal, Montana Legal Services began providing legal assistance to Taylor in June 1995, well before the enactment of the Act. Therefore, in this case, we conclude that the Act would not prohibit an award of attorney fees to Montana Legal Services should the District Court exercise its discretion to make such an award.

4. Did the District Court properly expedite discovery matters and the trial schedule pursuant to § 70-24-427, MCA?

We review a district court's ruling concerning granting or denying discovery for abuse of discretion. In re Marriage of Smith (1995), 270 Mont. 263, 271, 891 P.2d 522, 527. A district court is in a better position than this Court to supervise the day to day operations of pretrial discovery. Smith 891 P.2d at 527.

14

Whalen initiated this action and now contends that the District Court committed reversible error when it failed to allow proper time for discovery and failed to issue sanctions against Taylor for requesting an expedited hearing. We disagree. Whalen sought possession of the apartment. Claims for possession of property under MRLTA are controlled by § 70-24-427, MCA, which mandates an expedited trial schedule as follows:

> **70-24-427. Landlord's remedies after termination -- action for possession.** (1) If the rental agreement is terminated, the landlord has a claim for possession and for rent and a separate claim for actual damages for any breach of the rental agreement.
> (2) An action filed pursuant to subsection (1) in a court must be heardwithin 20 days after the tenant's appearance or the **answer** date stated in the summons. If the action is appealed to the district court, the hearing must be held within 20 days after the case is transmitted to the district court.
> (3) The landlord and tenant may stipulate to a continuance of the hearing beyond the **time limit in** subsection (2) without the necessity of an undertaking.
> (4) In a landlord's action for possession filed pursuant to subsection (1), the court shall rule on the action within 5 days after the hearing.

Whalen insists that § 70-24-427, MCA, provides a landlord, not a tenant, the right to an expedited trial. Therefore, he contends that Taylor perpetrated sanctionable conduct by requesting an expedited hearing. This argument is not persuasive. An action for possession <u>must</u> be heard within 20 days under the mandate of § 70-24-427(2), MCA, unless <u>both</u> the landlord and tenant stipulate to a continuance, as allowed by § 70-24-427(3), MCA. Taylor's attorney requested that the District Court expedite the trial for possession as required by § 70-24-427(2), MCA. Taylor and his attorney should not be sanctioned for demanding precisely what the statute

15

authorizes.   Therefore,   the District Court was correct in not imposing sanctions.

Further,  it is within the District Court's discretion to make discovery rulings.   Whalen filed a Notice of Appeal to District Court on September 13, 1995.   However, because both parties moved to substitute two different judges,  it was not until September 28, 1995, that the case was assigned.   Further, due to the court's full calendar,  the trial was set more than 20 days after the case was transmitted.   Despite these delays,  the District Court ordered trial set for October 27, 1995.   Whalen did not serve discovery requests  on Taylor  until October 17,  1995.   In an effort to expedite this claim for possession, the District Court ordered that Taylor answer Whalen's discovery requests by October 23, 1995. The District Court made these rulings in compliance with § 70-24-427, MCA.   Therefore, we hold that the District Court did not abuse its discretion, but, rather, that the District Court properly limited the time and extent  of discovery to expedite  this claim for possession.

We affirm in part,  reverse in part and remand for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____



W. William Rehnquist

Justices

September 26, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John A. Hauf, Esq.
Hauf & Forsythe, P.C.
P.O. Box 1715
Billings, MT 59103-1715

Elizabeth Halverson
Montana Legal Services Association
2442 First Ave. No.
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy