No. 97-634

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 81N

IMPERIAL MEATS, INC.,

Plaintiff and Appellant,

v.

MONTANA STATE UNIVERSITY
FOOD SERVICES,

Defendant and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Paul Neal Cooley; Skelton & Cooley, Missoula, Montan

For Respondent:

Leslie C. Taylor, Attorney at Law, Bozeman, Montana

Submitted on Briefs: March 26, 1998
Decided:  April 14, 1998
Filed:

_____
Clerk
Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996
Internal Operating Rules, the following decision shall not be cited as precedent
but shall be filed as a public document with the Clerk of the Supreme Court

and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Imperial Meats, Inc. (Imperial) appeals from the dismissal by the Fourth Judicial District Court, Missoula County, of its complaint seeking declaratory, injunctive, mandamus and damages relief.  We affirm.

¶3    Imperial responded to a request for proposal (RFP) to provide food services from Montana State University Food Services (MSUFS) in 1996.  It was not awarded the contract.   On March 11, 1997, it filed a complaint alleging that the RFP and process used by MSUFS to award the contract to others were done in violation of law and regulations.  MSUFS moved to dismiss the complaint on a variety of grounds, including a new statute which set forth exclusive remedies for a solicitation or award of a contract alleged to be in violation of state law.

¶4    The District Court dismissed Imperial's complaint on the basis of the new statute.  It observed that, as amended, § 18-4-242(2), MCA (1997), sets forth the exclusive remedies for an unlawful solicitation or award.  Subsection (2) of the statute requires a party aggrieved by solicitation or award proceedings to protest no later than 14 days after execution of the contract. Later portions of the statute set forth additional administrative procedures to be followed, culminating in a petition for judicial review brought pursuant to § 2-4-702, MCA.  See § 18-4-242, MCA (1997).  The amendments to § 18-4-242, MCA, were effective on April 30, 1997, and applied retroactively to any claim or cause of action relating to a solicitation or award unless a complaint had been filed in district court prior to January 1, 1992.  Because Imperial had not exhausted the remedies set forth in § 18-4-242, MCA (1997), the District Court concluded that it could not entertain Imperial's complaint and dismissed it accordingly.

¶5    Imperial moved to amend and the motion was deemed denied when the District Court did not rule on it within 60 days.  Imperial appeals.

¶6    Imperial contends that the District Court erred in dismissing its complaint and correctly states our standard in reviewing a district court's conclusion of law as whether the interpretation of the law is correct.  See Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citation omitted).

¶7    Imperial points out that compliance with the mandate of § 18-4-242(2), MCA (1997), that it protest to the department within 14 days after execution of the contract at issue in this case was impossible, since that time had long since run and, as a result, it is left without a remedy if the District Court's dismissal is allowed to stand.  Imperial then states:
        The Montana Constitution preserves the standards that
    there is a right to a speedy remedy of every injury, that there is
    a right to equal protection of the laws, that there is a right to
    view deliberations of public agencies of State Government, that

the State is subject to suit, that there is a right to due process of law and that ex post facto laws granting irrevocable special privileges or affecting contracts shall be [sic] not be granted by the legislature. See Article II, Sections 4, 9, 16, 17, 18 and 31 of the Constitution of the State of Montana.

Imperial also states generally that the present case does not fall within prior unspecified cases by this Court determining that the legislature may create a right and a remedy and may take the right and remedy away retroactively if they specifically make it clear that is the intention of the new statute. That is the sum total of Imperial's argument in its opening brief.

¶8 It is beyond cavil that an appellant bears the burden of establishing error by the District Court. Yet, Imperial presents no legal analysis and cites to no legal authority under which the District Court's dismissal of its complaint was in error under any of the constitutional provisions it listed. Rule 23(a)(4), M.R.App.P., requires an appellant's opening brief to contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities . . . relied on." When an appellant's brief does not comply with this requirement, we do not address the issue. See, e.g., Whalen v. Taylor (1996), 278 Mont. 293, 302, 925 P.2d 462, 467; Allmaras v. Yellowstone Basin Properties (1991), 248 Mont. 477, 483, 812 P.2d 770, 773. On that basis, we decline to address Imperial's argument.

¶9 Interestingly, Imperial's reply brief reveals that it intentionally presented its "straightforward and simple" argument as it did in the opening brief. It "opted to present it as such and await the answer brief . . . to determine how MSU might defend the constitutionality or the unavailability of a remedy." What Imperial apparently does not comprehend is that there is no initial burden on the respondent in an appeal to defend anything; it is the appellant who carries the burden of showing error by the District Court. Our briefing requirements, and our cases interpreting those requirements, do not allow the appellant to lie in the weeds until the party which prevailed in the trial court makes arguments in support of the trial court's decision.

¶10 Imperial having failed to establish any error, we hold that the District Court did not err in dismissing Imperial's complaint.

¶11 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE
/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART