No. 05-187

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 98

_____

COLEMAN CONSTRUCTION, INC., FRED COLEMAN
and KATHY COLEMAN,

      Plaintiffs and Appellants,

  v.

BEVERLY F. KUDRNA,

      Defendant and Respondent.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DV 03-0033
The Honorable Ingrid G. Gustafson, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          John R. Gordon, Spoon Gordon, P.C., Missoula, Montana

      For Respondent:

          Michael J. Milodragovich and Perry J. Schneider, Milodragovich, Dale,
Steinbrenner & Binney, P.C., Missoula, Montana

      For Amicus Montana Defense Trial Lawyers:

          Steve Reida and Matt Putzier, Attorneys at Law, Bozeman, Montana

      For Amicus Montana Legal Services:

          Klaus Sitte, Attorney at Law, Missoula, Montana

      For Amicus Western Montana Landlords Association:

          Michael Sol, Sol & Wolfe, PLLP, Missoula, Montana

_____

Submitted on Briefs:  November 30, 2005

Decided:  May 9, 2006

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Appellant, Coleman Construction, Inc. (Coleman), appeals from the judgment of the Thirteenth Judicial District Court, Yellowstone County, awarding the successful Defendant, Beverly F. Kudrna, her attorney fees under § 70-24-442(1), MCA, a part of the Montana Residential Landlord and Tenant Act of 1997 (MRLTA).

¶2     This case arose from a February 11, 2002, fire that started in Kudrna's mobile home and spread to destroy Coleman's nearby trailer.  Kudrna had leased her mobile home to an unrelated third-party, and she had rented the space adjacent to the mobile home to Coleman where its trailer was parked.  Coleman used its trailer as a field office and as lodging for several employees.

¶3     Coleman sued Kudrna alleging that she was negligent in inspecting and maintaining the chimney and the coal-fire heater in her mobile home, and that her negligence caused the fire that destroyed Coleman's trailer and its contents.  Coleman also claimed at trial that Kudrna violated her duties of inspection and maintenance under the MRLTA and sought to recover its attorney fees under § 70-24-442(1), MCA. Coleman claimed damages of approximately $85,000.  Kudrna offered to settle for $27,500, but Coleman declined.

¶4     The case went to trial and the jury found in favor of Kudrna.  Kudrna moved the District Court to award her attorney fees and costs under the reciprocal provisions of § 70-24-442(1), MCA.  The District Court awarded Kudrna attorney fees of $22,866.50 plus costs.  Kudrna's insurance company, which was not a party to the suit, paid for her defense.  Coleman appeals the award of attorney fees.

¶5    Coleman does not contest that Kudrna was the prevailing party or the amount of the fees, but challenges Kudrna's right to collect them as an insured landlord under the MRLTA.  Thus, the issue on appeal is whether an insured defendant may recover attorney fees, under § 70-24-442, MCA, incurred in a successful defense of an action by a tenant.  We review a trial court's conclusion of law to determine whether it was correct. *Paulson v. Flathead Conservation Dist*., 2004 MT 136, ¶ 17, 321 Mont. 364, ¶ 17, 91 P.3d 569, ¶ 17.

¶6    Section 70-24-442, MCA, states:

> (1) In an action on a rental agreement or arising under this chapter, reasonable attorney fees, together with costs and necessary disbursements, may be awarded to the prevailing party notwithstanding an agreement to the contrary.
> (2) As used in this section, "prevailing party" means the party in whose favor final judgment is rendered.

¶7    Under the plain meaning of the statute, the district court may award attorney fees to the prevailing party.  Section 70-24-442, MCA; *Whalen v. Taylor* (1996), 278 Mont. 293, 304, 925 P.2d 462, 468.  The statute makes no distinction between insured and uninsured parties.  The role of the Court is to interpret the meaning of the terms included in a statute, not to insert what has been omitted.  Section 1-2-101, MCA; *City of Billings v. Gonzales,* 2006 MT 24, ¶ 13, 331 Mont. 71, ¶ 13, 128 P.3d 1014, ¶ 13.  We decline to add a provision to the statute here that only uninsured landlords may recover attorney fees.

¶8    Coleman argues that if insured landlords are permitted to recover under § 70-24-442, MCA, the Court should extend *Tripp v. Jeld-Wen, Inc*., 2005 MT 121, 327 Mont. 146, 112 P.3d 1018, and require that a successful defendant show that the plaintiff's

action was frivolous, unreasonable, or without foundation, before recovering attorney fees.

¶9 In *Tripp*, we held that, under the Montana Consumer Protection Act (MCPA), a court may only award attorney fees to a successful defendant, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[1] *Tripp*, ¶ 37 (quoting *Christianburg Garment Co. v. EEOC* (1978), 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657). We concluded that the MCPA had a preference for protecting the plaintiff. *Tripp*, ¶ 37. Thus, under *Tripp*, the defendant in an action under the MCPA is afforded less protection than the plaintiff, and must meet a higher standard to recover fees. *Tripp*, ¶ 37.

¶10 The MCPA's preference for protecting the interests of the plaintiff, over those of the defendant, is evidenced by the Act's treble damages provision, which allowed only plaintiffs to recover treble damages. *Tripp*, ¶ 37. Conversely, the MRLTA provides such protections for both the tenant and the landlord, as it allows a landlord to recover treble damages as well as a tenant. Section 70-24-422(f)(5), MCA.

¶11 Coleman also argues that the MRLTA was created to provide tenants with greater protection than landlords because landlords often have more economic resources than tenants. Coleman cites *Whalen* for this notion, claiming in its brief that a goal of the MRLTA was to "level the playing field between Landlords and Tenants; to provide equal access to justice." In *Whalen*, we affirmed the District Court's award of attorney fees,

---

[1] This is an "intermediate" standard, as it falls between a "bad faith" and a "prevailing party" standard. *Tripp*, ¶ 33.

under § 70-24-442, MCA, to a plaintiff that had been represented by *pro bono* counsel. *Whalen*, 278 Mont. at 304, 925 P.2d. at 468-469. We concluded that allowing *pro bono* attorneys to recover fees would promote equal access to justice as it would encourage such attorneys to assist indigent clients. *Whalen*, 278 Mont. at 304, 925 P.2d at 468-69. However, at no point in *Whalen* did we conclude that a plaintiff's interests should be preferred over that of a defendant's. Thus, *Whalen* does not support the argument that the *Tripp* standard should be extended to the MRLTA. If anything, *Whalen* would support the opposite conclusion, as we allowed a "prevailing party," that had not paid for his own counsel, to recover attorney fees under § 70-24-442, MCA. Therefore, we do not extend the *Tripp* standard, for a successful defendant to collect attorney fees under the Montana Consumer Protection Act, to § 70-24-442, MCA, of the Montana Residential Landlord and Tenant Act.

¶12 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS